CHARLES J. MCLAUGHLIN, TAX COMMISSIONER *v.* ESTATE OF GEORGE W. COOPER.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued January 6—decided February 5, 1942.

*Louis Weinstein,* assistant inheritance tax attorney, with whom, on the brief, were *Francis A. Pallotti,* attorney general, and *Frederic W. Dauch,* deputy tax commissioner, for the plaintiff.

*Samuel A. Davis,* for the defendant.

MALTBIE, C. J.   George W. Cooper died on January 20, 1940, and his estate is in settlement in the Probate Court for the district of Newtown.   In 1935 and 1937 Cooper created certain bank accounts in the names of himself and Julia M. Hawley, with right of survivorship, contributing all the money himself, and at his death the aggregate amount on deposit in them was $14,713.83.   Prior to his death, Julia M. Hawley created two bank accounts in the names of herself and Cooper, with right of survivorship, contributing all the money for them, and at Cooper's death they amounted to an aggregate of $6240.45.   The tax commissioner, acting under the provisions of § 495c of the 1935 Cumulative Supplement of the General Statutes, filed a petition in the Probate Court for the determination of the question of the taxability of these accounts, claiming that they were taxable under the provisions of § 395e of the Cumulative Supplement of 1939 as gifts intended to take effect in possession or enjoyment at the death of the transferor, or § 396e of the Cumulative Supplement of 1939 concerning taxes upon jointly owned property.   The commis-

sioner now claims that they are taxable only under the latter section, a copy of which is printed as a footnote.[1] The Probate Court entered a decree that the accounts created by Julia M. Hawley were not to be considered in computing the amount of tax due, that only one-half of the amount of the accounts contributed by Cooper was to be considered, and that from this half was to be deducted the exemption of $5000 provided in the statute and also an exemption of $500 upon the basis that Julia M. Hawley was a Class C legatee under the provisions of General Statutes, Cum. Sup. 1939, § 397e. The tax commissioner appealed from that decree to the Superior Court and the case has been reserved for our advice.

At the hearing before us, counsel were in agreement that the $500 deduction should not have been made by the Probate Court, for the reason that any such deduction would not properly come before the court upon

[1] Sec. 396e. JOINTLY OWNED PROPERTY. Whenever property shall be held in the joint names of two or more persons and the survivor or survivors of them, the right of the survivor or survivors to the immediate ownership or possession and enjoyment of such property shall be a taxable transfer and the tax shall be computed as though a fractional part of the property, determined by dividing the fair market value of the entire property by the number of persons in whose joint names it was held, belonged absolutely to the deceased person and had been bequeathed or devised by him to the survivor or survivors by will; *provided, in addition to any exemption granted under the provisions of this chapter, the provisions of this section shall not render subject to a succession tax joint checking or savings accounts in banks or savings banks payable to either or to the survivor if the aggregate thereof shall be less than five thousand dollars, but a fractional share of any excess over five thousand dollars shall be taxable. The provisions of this section shall not be construed to prevent the taxability, in whole or in part, under the provisions of subsection (c) or (d) of section 395e of any property held in the joint names of two or more persons and the survivor of them, including any joint checking or savings account in any bank or savings bank. The limitations imposed by section 1360 shall apply to any tax imposed under the provisions of this section.*

this petition but only when the tax commissioner filed with the court his computation of the tax due, as he is required to do by § 498c of the 1935 Cumulative Supplement of the General Statutes. It was also agreed before us, and we concur, that the $5000 exemption provided in the statute should be deducted from the total amount of the deposits upon the basis of which the tax is to be computed, before the division by which, under the statute, only one-half of the deposits is to be considered.

Section 396e, enacted in 1937, was a substitute for § 1362 of the General Statutes. The predecessor of the latter section, Chapter 81 of the Public Acts of 1927, came before us in *Blodgett* v. *Union & New Haven Trust Co.*, 111 Conn. 165, 149 Atl. 790. In that case a wife wrote a banking firm which was holding certain bonds owned by her that she wished them thereafter to stand in her husband's name as well as her own, so that if she died suddenly the property would pass to him without any legal formalities, and thereafter the bonds were so held by the firm. We held that the effect of the transaction was to make the husband and wife tenants in common of the bonds, with a right in the survivor to take the whole as a remainder interest; that the statute applied only to joint estates where the right of survivorship was attached by operation of law, and did not apply to such a situation as the one before us; that at the death of the wife the husband became entitled to the full possession of the bonds, including the half interest she had owned in them, and to the enjoyment of the right to the income from that half which before had been hers; that the right so coming to him constituted property passing by gift intended to take effect in possession or enjoyment at the death of the donor and as such was taxable; and that the legislature had the power to impose a tax

upon such interest as the husband acquired in the bonds at the death of his wife.

The present statute differs in important respects from the 1927 act. It is now so drawn as to do away with the distinction which was made in our opinion in the *Union & New Haven Trust Co.* case, and to apply generally to property held in the joint names of two or more persons and the survivor or survivors of them; also the earlier act expressly excepted from its operation joint checking or savings accounts in any bank, whereas the present statute expressly includes such accounts, subject to the exemption provided in it. So much, however, of our decision in the *Union & New Haven Trust Co.* case as held that the legislature had the power to impose a tax upon the succession of the survivor to the right to the bonds there involved establishes its power to impose the tax provided in § 396e. There is even more reason to hold that a bank account in the names of two or more persons with right of survivorship does not create a joint estate in the technical sense of the term than there was in the case of the bonds then considered. It is an incident of a true joint estate that each party has, as his own, an interest in the property, and while one joint tenant can convey away his interest, he cannot adversely affect the interest of the other joint tenant or tenants; *Mitchell* v. *Hazen,* 4 Conn. 495, 509; but in the case of a bank account in the name of two persons with a right of survivorship, either may draw out the entire sum and so destroy not only his own interest in it but that of the other tenant. The right which a survivor has, on the death of one of those in whose names the account stands, to succeed to the property is such an interest passing by death as to be properly subject to the succession tax. See *Matter of Kane,* 247 N. Y. 219, 160 N. E. 17, modifying upon reargu-

ment *Matter of Kane,* 246 N. Y. 498, 159 N. E. 410, cited in the *Union & New Haven Trust Co.* case.

It is not contended on behalf of the estate that the computation of the tax upon the basis provided in the statute violates any constitutional limitation. It is only claimed that the result produced is "unfair." Considerations involved in that contention are to be addressed not to the courts but to the legislature, which may determine "the choice of subject-matter of taxation and the extent and manner of the tax, save as constitutional limitations may intervene." *State ex rel. Brush* v. *Sixth Taxing District,* 104 Conn. 192, 198, 132 Atl. 561. Counsel for the estate cite to us certain decisions in New York and New Jersey, but while § 1362 of the General Statutes was virtually copied from the New York statute, § 396e so varies from the statutes of either New York or New Jersey as to make their decisions largely inapplicable to it. Pennsylvania has, however, a statute very similar to ours, and in *In re Cochrane's Estate,* 342 Pa. 108, 20 Atl. (2d) 305, it was upheld and its application to bank accounts deposited in the joint names of the deceased and another was sustained.

It is sufficient answer to the questions propounded to say that a tax should be computed by deducting the statutory exemption of $5000 from the aggregate amounts of the accounts in the names of Cooper and Julia M. Hawley, whether the funds for those accounts were contributed by one or the other, and applying the proper tax rate to one-half of the remainder.

No costs will be taxed in this court to either party.

In this opinion the other judges concurred.