WALTER W. WALSH, TAX COMMISSIONER *v.* ETTA N. HALL, ADMINISTRATRIX (ESTATE OF ANNE MOLNER) ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 5—decided November 8, 1944.

*George R. Tiernan*, inheritance tax attorney, with whom, on the brief, were *Francis A. Pallotti*, attorney

general, and *Frederic W. Dauch,* deputy tax commissioner, for the appellant (plaintiff).

*Douglas A. Finkelstone,* with whom were *Lawrence S. Finkelstone* and, on the brief, *George N. Finkelstone* and *John Keogh,* for the appellees (defendants).

JENNINGS, J. Anne Molner died intestate on May 19, 1943, at the age of sixty-nine after an illness of one week. She was in good health up to a short time before her death. Between 1939 and 1943 she created six joint savings bank accounts, aggregating nearly thirty thousand dollars, naming various relatives as joint owners. She had contributed all of this money. The smallest account was established in 1939; four, which accounted for the bulk of the sum named, were established in 1940, and one on January 5, 1943. She retained the books and, except in the case of the smallest account, withdrew the interest as it accrued until her death. Before her death, only one of the survivors knew of the transfer of the accounts to their joint names.

On these facts the trial court concluded that the decedent retained no life estate in any of the accounts, that the several transfers were intended to take effect immediately on the creation of the accounts and that they were taxable under General Statutes, Sup. 1941, § 184f, rather than under General Statutes, Cum. Sup. 1939, § 395e (d), as claimed by the plaintiff.

The defendant admits that the accounts are taxable under § 184f as joint savings bank accounts. This provides for the taxation of the right of the survivor or survivors to the immediate ownership or possession and enjoyment of property held in the joint names of two or more persons, and it contains a provision that it shall not be construed to prevent the taxability in

whole or in part under § 395e (c) or (d) of any property held in the names of two or more persons, specifically including joint savings bank accounts. Section 395e (d) provides that even such accounts shall be taxed fully if they were intended to take effect in possession or enjoyment at or after the death of the transferor. It goes on to say "Such a transfer as last mentioned shall include, among other things, a transfer under which the decedent retained for his life, or for any period not ascertainable without reference to his death, or for a period of such duration as to evidence an intention that he should retain for his life (1) the possession or enjoyment of, or the right to the income from the property. . . ." The tax under the latter statute amounts to much more than under the former.

The basis of our tax is the succession to possession and enjoyment of property. *Blodgett* v. *Guaranty Trust Co.*, 114 Conn. 207, 214, 158 Atl. 245, quoting *Blodgett* v. *Union & New Haven Trust Co.*, 97 Conn. 405, 410, 116 Atl. 908. The question here is, when did the donees come into the possession and enjoyment of these accounts. If this occurred at the time of the creation of the accounts, the decision of the trial court was correct. If they were to succeed to their possession and enjoyment at the death of the donor, they were taxable under the express provisions of § 395e (d).

The finding is that the gifts were "intended to take effect immediately on the creation of the accounts." This means no more than that, if the gifts were valid, and if the donees knew of the creation of the accounts and could get possession of the deposit books, they could withdraw the whole deposit. *McLaughlin* v. *Estate of Cooper*, 128 Conn. 557, 561, 24 Atl. (2d) 502. It disregards the distinction, recog-

nized by the statute, between the vesting in title and the taking effect in possession or enjoyment and falls short of finding that the latter event occurred.

No other facts are found which support the conclusion of the trial court. On the contrary, the subordinate facts lead almost irresistibly to the opposite result. The decedent, speaking generally, kept the bankbooks, drew the dividends and failed to notify the joint owners of their interest. See *Read Co.* v. *American Bank & Trust Co.*, 110 Conn. 461, 462, 148 Atl. 130.

The evidence is not before us. It may be that on a new trial facts may be found which support the defendants' position. Suffice to say that it is untenable on this finding.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.