ANNA R. KAPES v. WALTER W. WALSH, TAX COMMISSIONER

SUPERIOR COURT                            FILE No. 71153
NEW HAVEN COUNTY AT MERIDEN

Memorandum filed July 11, 1949

*Carter H. White,* of Meriden, for the Plaintiff.

*William L. Hadden,* Attorney General, *Frederick W. Dauch,* Assistant Attorney General, of Hartford, and *George J. Kilroy, Jr.,* of Meriden, for the Defendant.

COMLEY, This is an appeal by Anna Kapes from a decree of the Probate Court for the district of Meriden holding that a certain joint account in the Meriden Savings Bank, payable to Charles A. Barnes or Anna Kapes or to the survivor, is taxable in its full amount as a transfer intended to take effect in possession or enjoyment at or after death. Anna Kapes claims that the account is taxable but only to the extent of one-half the excess above $5,000.00, as provided in General Statutes, § 2022.

The facts surrounding the creation of the joint account are these: Mr. Barnes and Miss Kapes had been associated in business since 1918 and were close personal friends. On December 8, 1942, Mr. Barnes, who was then seventy-two years of age, was a patient at the Meriden Hospital about to undergo a seri-

ous surgical operation. On that day he directed Miss Kapes to have his bank account of approximately $25,000 in the Meriden Savings Bank split into two equal joint and survivor accounts, one in the names of himself and Miss Kapes and the other in the names of himself and Tessie B. Hill, who was his stepdaughter. Miss Kapes procured the necessary forms from the bank and the change was effected. Miss Kapes then took possession of both bankbooks and kept them exclusively in her control at all times thereafter. Mr. Barnes made a good recovery and resumed his normal way of life until a few months before his death, which occurred on August 21, 1947. No further deposits were made in either account and no withdrawals from the Kapes account. Mr. Barnes made one withdrawal from the Hill account, taking that book temporarily from the possession of Miss Kapes for the purpose. Mrs. Hill knew nothing about the existence of this account prior to the death of Mr. Barnes.

Miss Kapes testified that at the time the account in question was created Mr. Barnes stated that he wanted it that way so that both should have the power to draw on the account during his life and so that she should have the right to the entire account after his death.

Under these circumstances it is difficult to support the reasoning of the Probate Court that there was a transfer to take effect in possession or enjoyment at or after death. If Mr. Barnes had kept possession of the book and thus retained control of the account, that conclusion might be justified. *Walsh* v. *Hall*, 131 Conn. 345, 348. Here, however, all the circumstances lead to the conclusion that an outright present gift was intended and that Mr. Barnes surrendered exclusive control of the account to Miss Kapes. Therefore the account is taxable only under the provisions of § 2022 unless it was a transfer in contemplation of death within the provision of § 2021.

The phrase "contemplation of death" as used in our tax statutes received exhaustive consideration in *Mossberg* v. *McLaughlin*, 125 Conn. 680. It is unnecessary to repeat here the extended reasoning of that case except to quote that portion of the opinion on page 684 which reads as follows: "It is generally recognized that it [contemplation of death] does not refer to the general expectation of eventual death which is entertained by all persons. On the other hand, with inconsiderable exceptions, the meaning has not been limited to cases of such anticipation of death as immediately impending as is characteristic of gifts causa mortis.

The true rule lies between these two extremes. . . ." And, again, on page 685: "The words 'in contemplation of death' mean that the thought of death is the impelling cause of the transfer, and while the belief in the imminence of death may afford convincing evidence, the statute is not to be limited, and its purpose thwarted, by a rule of construction which in place of contemplation of death makes the final criterion to be an apprehension that death is near at hand . . . . It is sufficient if contemplation of death be the inducing cause of the transfer whether or not death is believed to be near."

Applying these principles to the facts in the present case, I have come to the conclusion that the creation of the Kapes account was a transfer in contemplation of death. Mr. Barnes was seventy-two years of age and about to submit to major surgery. He proceeded to make a distribution of his rather substantial bank account between his stepdaughter and his close personal friend which has all the indicia of a testamentary intent. He parted with control of his property and put Miss Kapes and Mrs. Hill in a position to take it over in the event of his death and, what is even more significant, he left it that way following the recovery of his health. The mere fact that he was about to have an operation would not afford a basis for a conclusion that he believed death to be imminent (*Prendergast* v. *Drew*, 103 Conn. 88, 92) but it certainly affords a firm basis for a conclusion that the thought of death was the inducing cause of the transfer.

Therefore the result reached by the Court of Probate was correct though placed upon an erroneous ground and judgment is rendered in favor of the defendant dismissing the appeal.