GERALD J. HEFFERNAN, TAX COMMISSIONER *v.* NEW BRITAIN BANK AND TRUST COMPANY, EXECUTOR (ESTATE OF ELEMINA M. SAMUELSON), ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and HEALEY, Js.

Argued January 10—decision released April 25, 1978

*John M. Dunham,* inheritance tax attorney, with whom, on the brief, were *Carl R. Ajello,* attorney general, and *Robert J. Hale,* first assistant tax commissioner, for the appellant (plaintiff).

*D. J. Harry Webb, Jr.,* for the appellees (defendants).

LOISELLE, J. The tax commissioner has appealed from a judgment of the Superior Court concerning the taxability, under General Statutes §§ 12-343 and 12-341b (d), of certain joint bank accounts with rights of survivorship. The relevant facts, stipulated to by the parties and incorporated into the finding by the court, are as follows: Elemina M. Samuelson (hereinafter the decedent) and Mildred A. Samuelson (hereinafter the survivor), sisters, lived together in a jointly owned home in New Britain. Prior to her death, the decedent created six joint bank accounts, with the right of survivorship, in the name of herself and the survivor. These bank accounts aggregated $71,923.55 and were reported as items one through six on schedule 7C of the succession tax return as being fractionally taxable. The decedent made all the contributions to these accounts. The survivor created five joint bank accounts, with the right of survivorship, in the name of herself and the decedent, totaling $50,623.38, which accounts were reported as items 7 through 11 on schedule 7C as being fractionally taxable. The survivor made all the contributions to these accounts.

All of the passbooks were kept in a box in their home and the box was accessible to both sisters. Each sister was aware of the creation and existence of all the accounts. The survivor did not contribute to or withdraw from the accounts created by the decedent, nor did the decedent contribute to or withdraw from the accounts contributed to by the survivor. Each, on occasion, would withdraw from an account or accounts contributed to by her and spend the funds for a common purpose.

In a letter to the executor of the decedent's estate, the survivor wrote that the accounts to which she

alone contributed had the decedent's name placed thereon in case she could not bank for herself and that it was understood by the decedent that the monies in those accounts were to be used only for the expenses of the survivor and that the decedent could withdraw only with the survivor's permission. The survivor has verbally stated that the decedent's practice was the same with respect to the accounts to which the decedent contributed solely.

Each sister reported the income, for income tax purposes, only on the accounts to which she contributed, except for one account to which the survivor contributed solely but on which the decedent reported the income for income tax purposes. Each sister had adequate resources for her own support.

Neither party challenges the court's decision that those accounts to which the survivor alone contributed are fractionally taxable pursuant to General Statutes § 12-343. The only issue on appeal to this court is, therefore, whether those accounts to which the decedent was the sole contributor are fractionally taxable, pursuant to General Statutes § 12-343, as the trial court concluded, or, whether they are taxable in their entirety, pursuant to General Statutes § 12-341b (d), as the plaintiff claims.

General Statutes § 12-343 provides in part that "[w]henever property is held in the joint names of two or more persons and the survivor or survivors of them, the right of the survivor or survivors to the immediate ownership or possession and enjoyment of such property shall be a taxable transfer." As this court stated in *McLaughlin* v. *Estate of Cooper*, 128 Conn. 557, 561, 24 A.2d 502, it is "[t]he right which a survivor has, on the death of one of those in whose names the account stands, to succeed to

the property [which] is such an interest passing by death as to be properly subject to the succession tax." Under this provision, the tax is computed "as though a fractional part of the property, determined by dividing the fair market value of the entire property by the number of persons in whose joint names it was held, belonged absolutely to the deceased person." Thus, the amount subject to taxation pursuant to § 12-343 is that amount which, under the statute's theory, accrues to the survivor upon the decedent's death.

By its very terms, however, this provision does not "prevent the taxability, in whole or in part, under the provisions of subsection (c) or (d) of § 12-341 or 12-341b of any property held in the joint names of two or more persons and the survivor of them, including any joint checking or savings account." It is the tax commissioner's claim that those accounts to which the decedent alone contributed are subject to taxation in their entirety, pursuant to § 12-341b (d). This provision provides for the taxation of transfers "by gift or grant intended to take effect in possession or enjoyment at or after the death of the transferor." The basis of this tax is the "succession to possession and enjoyment of property." *Walsh* v. *Hall,* 131 Conn. 345, 347, 39 A.2d 889. Here, "the right which is taxed is not created by death but only ripens into possession or enjoyment upon the occurrence of that event." *Blodgett* v. *Union & New Haven Trust Co.,* 111 Conn. 165, 170, 149 A. 790. The tax, in reaching the "shifting of the enjoyment of property," distinguishes between the vesting in title and the taking effect in possession and enjoyment. Selvin, "The Possession or Enjoyment Clause of the Connecticut Succession Tax," 23 Conn. B.J. 11, 16.

In determining whether property is subject to taxation pursuant to § 12-341b (d), the question to be addressed is whether the transferor *intended* that possession and enjoyment not take effect until his or her death. "[T]he intent and the taking effect in possession or enjoyment must be causally related. That is, the taking effect in possession or enjoyment of the property transferred must be caused by an *intentional act of the transferor.*" (Emphasis added.) *Archibald* v. *Sullivan,* 152 Conn. 663, 668, 211 A.2d 692; *Connelly* v. *Waterbury National Bank,* 136 Conn. 503, 508, 72 A.2d 645. The transferor must intend for his or her death to be "the necessary factor to effectuate the transfer" of possession and enjoyment. See *Pape* v. *Sullivan,* 151 Conn. 39, 44, 193 A.2d 480; *Fabian* v. *Walsh,* 134 Conn. 456, 459, 58 A.2d 384. The question of intention is one of fact, to be determined by reference to the particular facts of each case. Wilhelm, Conn. Estates Practice (Death Taxes) (Rev. Ed.) § 42.

This court has only once addressed the specific issue now before the court: whether joint bank accounts in the name of a decedent-contributor and a survivor are fractionally taxable under § 12-343 or whether they are taxable in their entirety under § 12-341b (d). In *Walsh* v. *Hall,* supra, it was found that the decedent had, during the last four years of her life, established six joint savings accounts. She alone had contributed to the accounts, retained the passbooks and withdrew the accrued interest. Indeed, as of the time of her death, only one of the survivors was aware of the existence of the accounts. On the basis of these facts, the court determined that the trial court's conclusion that the accounts were only fractionally taxable was not supported. The court noted that "the subordinate

facts lead almost irresistibly to the opposite result." Id., 348. In other words, the facts of the case tended to establish that the transferor had intended that possession and enjoyment of the accounts be deferred until her death.

In *McLaughlin* v. *Estate of Cooper*, 128 Conn. 557, 24 A.2d 502, this court determined that all of the joint accounts of the deceased and the survivor were subject to fractional taxation pursuant to § 12-343, irrespective of which party had contributed to the accounts. In that case, the court did not explicitly address the issue of whether the accounts to which the decedent had contributed were taxable in their entirety pursuant to § 12-341b (d). The issue had been raised below where the trial court had ruled against the tax commissioner and the claim was abandoned on appeal. A review of the records and briefs of that case; A-171 Rec. & Briefs 506; reveals that the survivor and the decedent had been business associates, and each drew funds from the accounts for his or her own use without notice to the other and without regard to who had contributed. Under these facts, it was clear that possession and enjoyment had passed to the cotenant at the time the accounts were created, rather than at the decedent's death.

The present case falls somewhere between *Walsh* v. *Hall*, supra, and *McLaughlin* v. *Estate of Cooper*, supra. On the one hand, the stipulated facts reveal that the sisters lived together; that each would withdraw funds from an account to which she alone contributed to expend for a common purpose; that each was aware of and had access to the other's accounts; that, although each sister generally reported for income tax purposes only the income

derived from accounts to which she alone contributed, the decedent reported on her income tax return income derived from one of the survivor's accounts; and that each sister had adequate resources for her own support. On the other hand, the stipulation reveals that the survivor advised the executor of her sister's estate that her sister's name had been added to her accounts in case she became unable to bank for herself and that the decedent could withdraw only with her permission. The survivor verbally stated that the decedent's practice was the same with respect to the accounts to which the decedent alone contributed.

It is clear from the court's conclusion that "[e]ach sister could have taken any or all of the passbooks of the other at any time and made withdrawals from these accounts for any reason" and from its memorandum of decision that the court found the fact of "access" to be determinative, rather than looking to the transferor's intent as it is evidenced by the total factual situation. In seeking such intent, neither the fact that the transferee had access; see, e.g., *Bachmann* v. *Reardon,* 138 Conn. 665, 88 A.2d 391; nor the fact that the transferee refrained from utilizing the funds in the transferor's accounts; see, e.g., *Connelly* v. *Waterbury National Bank,* 136 Conn. 503, 72 A.2d 645; is alone determinative.

Although the court erred in relying solely upon "access" as the test, this court may affirm a right result although based upon an erroneous premise. *Peninsula Corporation* v. *Planning & Zoning Commission,* 151 Conn. 450, 453, 199 A.2d 1; *Teubner* v. *Waterbury,* 149 Conn. 524, 529, 182 A.2d 417. The facts as a whole do not support the plaintiff's contention that the decedent intended the possession

and enjoyment of those accounts to which she contributed to pass only upon her death. The only support for this position is that to be derived from the letter which the survivor wrote to the executor of the decedent's estate and the survivor's statement as to her sister's practice. These statements, included in the stipulation, are not facts but are, rather, claims of evidence by the survivor which the court could accept or reject. The court's conclusions necessarily indicate that it did not credit these statements, perhaps on the ground that they were self-serving attempts to avoid fractional taxation of those accounts to which the survivor alone had contributed. See, e.g., *Connelly* v. *Kellogg,* 136 Conn. 33, 39, 68 A.2d 170. The remaining facts amply support the court's ultimate conclusion that "[t]he joint bank accounts with the right of survivorship to which the decedent contributed all the funds are not taxable in their entirety under § 12-341b (d) of the General Statutes." Although the sisters did not withdraw from the accounts to which the other had contributed, each was aware of and had access to the other's accounts, the funds derived from the accounts were used, on occasion, for a common purpose, and the decedent reported as income the interest derived from one of the survivor's accounts on her own tax return.

There is no error.

In this opinion the other judges concurred.