[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed May 20, 1997
The defendant has moved this court to strike the Fourth Count of the plaintiff's complaint (for Bystander Emotional Distress) for the reason that said count is legally insufficient
The movant argues that a claim for bystander emotional distress must be predicated upon the contemporaneous sensory perception of an injury to a closely related victim which issubstantial, resulting in either death or serious physical harm
as setforth in Clohessy v. Bachelor, 237 Conn. 31 (1996) (emphasis added).
The plaintiff maintains that the issue of whether or not an alleged injury is "substantial" and whether or not the injured victim has suffered "serious physical harm" are questions for the trier of the facts at the time of trial, and should not be summarily ruled upon by way of a motion to strike such allegations from the complaint.
The court agrees with the plaintiff. CT Page 5288
A motion to strike may be raised when the facts, as pleaded, do not constitute a legally cognizable claim for relief. Nowak v.Nowak, 175 Conn. 12, 116 (1978).
The injuries allegedly sustained by the daughter of the plaintiff, as set forth in paragraph 7(a-c) of the Second Count, include "multiple contusions; possible strain/sprain of the back; and pain and suffering, both mental and physical."
The plaintiff has set forth a legally cognizable claim for relief. Whether the injuries rise to the level of "serious physical harm" is a matter of degree.
The plaintiff is not allowed to offer evidence in her pleading to prove that those injuries are "substantial" in that they caused the injured daughter" serious physical harm".
The court must view the allegations of the complaint in the light most favorable to the plaintiff. Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215 (1992).
The plaintiff has the ultimate burden of proving that the injuries were severe enough to meet the requirements set forth inClohessy. Whether she succeeds in meeting that burden is ultimately for the trier of the facts to determine after hearing the evidence and testimony.
For the foregoing reasons, the defendant's Motion to Strike is denied.
JOSEPH W. DOHERTY, J.