[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT
Lillian Soucy brings this case individually and as the Executrix of the Estate of Marie Rinaldi claiming ownership of certain property which is now claimed to be part of the Estate of Antonio Rinaldi, the late husband of Marie Rinaldi. Marie Rinaldi died on May 22, 1994, while she was serving as conservatrix for her husband. Upon her death the Probate Court appointed the defendant, Angela Haines, as conservatrix for Antonio Rinaldi. On March 18, 1995, Antonio Rinaldi died and the defendant now serves as the administratrix of his estate.
The plaintiff filed an amended five count complaint on September 17, 1997. The plaintiff alleges that prior to Marie Rinaldi's death she promised the plaintiff, her sister, in consideration of the love and affection, housekeeping, and living assistance services offered to the decedent that the plaintiff would inherit the value of all assets owned by the decedent under a will executed by the decedent on March 1, 1997, individually under a constructive trust theory. The plaintiff further alleges that the assets owned by the decedent at the time of her death consisted of personal property, real estate, bank accounts, and U.S. savings bonds, all of which were held jointly by the decedent and her spouse, Antonio Rinaldi. Plaintiff argues that her one half share of these assets did not pass to her husband at the time of her death, and instead should pass to the plaintiff individually as the residuary beneficiary under the will of Marie Rinaldi.
Count one alleges that the plaintiff, as executrix and residuary beneficiary named in Marie Rinaldi's will, is the beneficial owner of the assets owned by Marie Rinaldi at the time of her death, that the defendant as conservatrix and CT Page 7929 administratrix of the estate of Antonio Rinaldi holds title to Marie Rinaldi's assets in constructive trust for the plaintiff and that the defendant refuses to recognize the plaintiff's claim to these assets. Count two asserts a claim of unjust enrichment based on the constructive trust theory. Counts three and four claim that the plaintiff is the owner of the assets previously owned by Marie Rinaldi at the time of her death, and the plaintiff's claim for these assets has been denied (count three), resulting in the unjust enrichment of the estate of Antonio Rinaldi (count four). Count five is a claim for specific items of personal property owned soley by Marie Rinaldi allegedly promised to the plaintiff.
Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.Scrapchansky v. Plainfield, 226 Conn. 446, 450, 627 A.2d 1329
(1993). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather, to determine whether any such issues exist. Cortes v. Cotton,31 Conn. App. 569, 575, 626 A.2d 1306 (1993). [I]n deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Johnson v.Meehan, 225 Conn. 528, 535, 626 A.2d 244 (1993). Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. Hammerv. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990). (Internal quotation marks omitted.) Warner v. Lancia,46 Conn. App. 150, 158, 698 A.2d 938 (1997); Dubinsky v. CiticorpMortgage, Inc., 48 Conn. App. 52, A.2d (1998).
In the original four count complaint the plaintiff alleged that the assets the deceased wife held with her late husband were joint assets held with right of survivorship. In the amended complaint the plaintiff has only alleged in the first four counts that these assets were held "jointly". This obviously is a significant difference and established a question of fact which precludes a summary judgment attack. If the joint assets in question referenced in counts one through four were assets held jointly as tenants in common and did not automatically pass by operation of law to her late husband then the assets owned by the wife Marie Rinaldi would pass in accordance with her last will and testament. In examining the plaintiff's affidavit, in which a CT Page 7930 copy of the bank accounts and bonds are attached, however, it seems that they were held in survivorship with her husband. This may account for the plaintiff arguing in her brief that the "survivorship" was severed at the time Marie Rinaldi was appointed as the conservatrix of her husband's estate. It is unclear whether all of the assets referenced in Count one through four were held at one time in survivorship or some or all were held as tenants in common. In any event, the amended complaint only alleges that they are held "jointly". The assets referenced in Count five are alleged to have been owned solely by Marie Rinaldi and that will be a question of fact for the fact-finder.
It is difficult to assess the plaintiff's theory of recovery in the first four counts. The first theory based on the difference between the original complaint and the amended complaint is that the assets in question were owned jointly by Marie and Antonio as tenants in common. The second theory is that the assets referenced in the first four counts were held jointly in survivorship but that the survivorship was severed at the time Marie was appointed as conservatrix of her husband's estate. The third theory is that legal title to the assets are legally in the name of the Estate of Antonio Rinaldi but that the plaintiff is the rightful owner under a constructive trust theory.
As stated above, if it is the plaintiffs claim that the assets referenced in the first four counts were owned by Marie and Antonio jointly as tenants in common, then the plaintiff will have to prove such ownership to recover the assets claimed. There is a disputed issue of fact as to this theory and therefore the defendant's motion should be denied.
If all of the assets referenced in the first four counts were held jointly in survivorship and the plaintiff is relying on a theory that the appointment of Marie Rinaldi as the conservatrix in the estate of her husband severed the survivorship interest with her husband then that would raise other issues.
To support her assertion that the joint estates were terminated upon Marie Rinaldi's appointment as conservatrix of Antonio's estate, the plaintiff relies on McLaughlin v. Cooper'sEstate, 128 Conn. 557, 561, 24 A.2d 502 (1942), a case in which the court noted that a bank account in the names of two persons does not create a true joint estate because either person may destroy the interest of the other by drawing out the entire sum. The plaintiff further relies on language in R. Folsom G. CT Page 7931 Wilhelm, Connecticut Estate Practice, Incapacity and Adoption, (2nd Ed. 1991) § 4:4, p. 231, which the plaintiff paraphrases, in her memorandum of law, to say: "This continuing mutual authorization between the parties [to a joint account with right of survivorship] to draw from the account is terminated upon the occurrence of incompetence in one of them . . . On this theory, the account should be divided and one-half paid to the conservator of an incapable depositor and one-half paid to the other party."
The plaintiffs theory is not supported by any authority in the statutes or in the case law and will fail if it is the basis for the allegation that the assets are held jointly but not in survivorship.
The third theory the plaintiff alleges is one of constructive trust. She alleges that legal title to all of the assets are in the name of the Estate of Antonio Rinaldi in Paragraph 9 of Counts one and two. For the plaintiff to succeed on this theory she will have to prove factually that the assets were transfered to the Estate of Antonio Rinaldi to hold for the benefit of the plaintiff.
"A constructive trust arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy. . . ." (Citations omitted; internal quotation marks omitted.) Wendell Corp. Trustee v. Thurston, 239 Conn. 109, 113,680 A.2d 1314 (1996).
The imposition of a constructive trust by equity is a remedial device designed to prevent unjust enrichment. Thus, a constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it. Wing v. White, 14 Conn. App. 642,542 A.2d 748 (1988).
"The elements of a constructive trust are the intent by a grantor to benefit a third person, the transfer of property to another who stands in a confidential relationship to the grantor CT Page 7932 with the intent that the transferee will transfer the property to the third person, and the unjust enrichment of the transferee if the transferee is allowed to keep the property. A constructive trust is created by operation of law when these elements are present." Gulack v. Gulack, 30 Conn. App. 305, 310 (1993).
Whether any of the elements are present in this case are fact questions disputed by the defendant. Each count of the amended complaint presents disputed issues of material fact, and, therefore, the Court will deny the defendant's Motion for Summary Judgment.
PELLEGRINO, J.