JOHN W. SPATOLA *v.* DEBORAH L. SPATOLA ET AL.
(2596)

BORDEN, DALY and F.X. HENNESSY, Js.

Argued March 15—decision released May 21, 1985

*David P. Ball,* with whom, on the brief, was *Marylouise S. Black,* for the appellant (plaintiff).

*Thomas F. McDermott, Jr.,* with whom, on the brief, was *David S. Miles,* for the appellee (named defendant).

F.X. HENNESSY, J. This is an appeal by the plaintiff from the judgment of the trial court. That judgment denied the request of the plaintiff to transfer the named defendant's (hereinafter the defendant) interest in certain property to him, and ordered that the property be sold and the net proceeds of the sale be equally divided between the parties.

The court found the following facts: The four and one-half year marriage of the plaintiff and the defendant ended in a dissolution in 1979. Shortly thereafter, the parties attempted a reconciliation in order to see if they could make a success of their former relationship before

any remarriage. During this time, the plaintiff purchased a parcel of land which he caused to be placed in their joint names knowingly, voluntarily, and without any agreement or condition.

The reconciliation attempt failed, and the plaintiff sought by this action to obtain the defendant's interest in the property. The defendant counterclaimed for a sale of the premises and disposition of the proceeds.

The trial court rejected the plaintiff's claims of a constructive trust, a resulting trust and unjust enrichment of the defendant, and rendered judgment for the defendant on her counterclaim. The plaintiff claims that the trial court erred in failing to find a constructive trust, a resulting trust or unjust enrichment, and that the court further erred in finding that he intended the property to be a gift to the defendant, as opposed to a transfer contingent solely upon the remarriage of the parties. We find no error.

A constructive trust arises " 'contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy.' " *Zack* v. *Guzauskas,* 171 Conn. 98, 103, 368 A.2d 193 (1976). " 'A constructive trust arises whenever another's property has been wrongfully appropriated and converted into a different form.' " *Van Auken* v. *Tyrrell,* 130 Conn. 289, 292, 33 A.2d 339 (1943). It also arises when a person " 'who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it.' " *Brown* v. *Brown,* 190 Conn. 345, 349, 460 A.2d 1287 (1983).

A resulting trust arises "by operation of law at the time of a conveyance when the purchase money for property is paid by one party and the legal title is taken in the name of another." *Farrah* v. *Farrah*, 187 Conn. 495, 500, 446 A.2d 1075 (1982). It "arises to enforce presumed or inferred intent, usually in the absence of any element of fraud . . . ." *Zack* v. *Guzauskas*, supra. The court determined that there was no evidence presented at the trial which would allow the conclusion that the property was wrongfully appropriated or was received by the defendant under any of the circumstances set forth in *Zack* v. *Guzauskas*, supra. Thus, there was insufficient evidence to support a finding of a constructive trust. The court further found that, while the plaintiff may have had an expectation of a reconveyance, he did not intend the conveyance to be contingent upon the defendant entering into a new marriage with him. Thus, there was insufficient evidence to support a finding of a resulting trust.

In deciding whether the property was wrongfully appropriated or retained and what the intent of the parties was at the time of the conveyance, the court in this case had to rely upon its impression of the credibility of the witnesses. "Intent is a question of fact, the determination of which is not reviewable unless the conclusion drawn by the trier is one which could not reasonably be drawn." *Whitney* v. *Whitney*, 171 Conn. 23, 33, 368 A.2d 96 (1976).

"[W]here the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." (Footnote omitted.) *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

We have reviewed the facts and testimony as presented and find that the court could reasonably conclude as it did.

There is no error.

In this opinion the other judges concurred.