## Ruth I. Wing *v.* Edward J. White
## (6135)

Borden, Spallone and Foti, Js.

Argued April 7—decision released June 14, 1988

*Kerry M. Wisser,* for the appellant (plaintiff).
*William J. Willetts, Jr.,* for the appellee (defendant).

Foti, J. The plaintiff appeals from the judgment rendered after the trial court granted the defendant's motion to strike the plaintiff's entire complaint. We find no error.

The substitute complaint alleged that the plaintiff and her now deceased husband had transferred property to the defendant and the plaintiff's daughter, who was then married to the defendant. The transfer was accomplished by a quitclaim deed which reserved a life interest in the property for the plaintiff and her husband.

The plaintiff also alleged that the plaintiff and her husband had "orally indicated to their daughter and the defendant that the purpose and intent of the transfer for no consideration was to provide a permanent home for their daughter and her children."

The plaintiff also alleged that the defendant had a "special relationship" with her, and that as a result of the subsequent dissolution of the marriage between the defendant and the plaintiff's daughter, the property will no longer provide a permanent home for the daughter and her children, "which defendant knew was the intent of the transfer" from the plaintiff and her husband to their daughter and the defendant. The complaint also alleged that the defendant was unjustly enriched because he retained his interest in the property "now that the intent and purpose" of the conveyance was frustrated. Finally, the plaintiff alleged that the defendant had an equitable duty to reconvey his interest in the property to the plaintiff.

In granting the defendant's motion to strike, the court concluded, in a thoughtful and well reasoned opinion, that the plaintiff's complaint appeared to sound in constructive trust or unjust enrichment but that the plaintiff had failed to allege sufficient facts to state a cause of action.

"In reviewing a 'judgment following the granting of a motion to strike, we take the facts to be those as alleged in the substituted complaint, construed in a manner most favorable to the pleader. For purposes of appeal, all well pleaded facts and those facts necessarily implied and fairly provable from the allegations are taken as admitted.' *Fortini* v. *New England Log Homes, Inc.,* 4 Conn. App. 132, 134, 492 A.2d 545 (1985)." *Double I Limited Partnership* v. *Glastonbury,* 14 Conn. App. 77, 79, 540 A.2d 81 (1988).

"Although it is well settled that, in general, real property absolutely conveyed cannot be shown to be subject to an express trust created by parol agreement . . . exceptions to this rule have been recognized where an injustice, sufficient to raise an equitable trust, would otherwise result. In such cases, a trust does not arise so much by reason of the parol agreement of the parties but by operation of law. . . . The imposition of a constructive trust by equity is a remedial device designed to prevent unjust enrichment. Thus, a constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." (Citations omitted.) *Cohen* v. *Cohen,* 182 Conn. 193, 202–203, 438 A.2d 55 (1980).

In order for a constructive trust to be imposed, the plaintiff must allege fraud, misrepresentation, imposition, circumvention, artifice or concealment, or abuse of confidential relations. *Worobey* v. *Siebieth,* 136 Conn. 352, 356, 71 A.2d 80 (1949). The plaintiff's complaint alleged that there was a "special relationship" between the plaintiff and the defendant, but alleges no facts to support this legal conclusion. While the relationship between a son-in-law and his in-laws is not per se antithetical to a confidential relationship, the complaint must assert some facts which support the allegation that such a relationship exists. The court correctly concluded that there were no such facts alleged in the complaint.

We note that the complaint is also devoid of any facts which establish how the defendant has used this alleged position of trust to enrich himself at the plaintiff's expense. Neither the complaint nor the facts provable under it assert that the plaintiff transferred the interest in the property contingent upon the defendant's remaining married to her daughter. Rather, it asserts

the intent of the grantors, expressed to the defendant, that the property would provide a lifelong home for their daugher and grandchildren. The daughter and the defendant were free to alienate their interest in the property from the moment the interest was transferred. This right cannot be defeated by an intent expressed orally by the transferor.

The plaintiff's allegation that the defendant was unjustly enriched is not a separate claim but is an essential element of her assertion that he had an equitable duty to return the property to her. See *Spatola* v. *Spatola,* 4 Conn. App. 79, 81, 492 A.2d 518 (1985). A sufficient allegation that the defendant has been unjustly enriched requires an assertion of some facts which establish an element of fraud or an abuse of a confidential relationship. Id., 82. Here, there were no factual allegations in the complaint supporting the plaintiff's legal conclusion that a "special relationship" existed between her and the defendant. We conclude that the court did not err in granting the defendant's motion to strike.

There is no error.

In this opinion the other judges concurred.