[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Wallace Warren, brings this action under C.G.S.52-495 for partition of the premises known as 38 Dudley Street, Hamden, Connecticut which the defendant, Macie Lacey, as sole owner, conveyed to herself and the plaintiff by quit claim deed dated April 12, 1984.
Lacey has raised two special defenses and a counterclaim. The First Special Defense alleges that the conveyance was intended as security for Warren's loan of $5,000.00 for the down payment at the time she acquired the property. Lacey claims that because she has repaid the loan, Warren holds the property subject to trust for her benefit.
Lacey's Second Special Defense alleges that the conveyance was a gift in anticipation of a marriage which never occurred.
In her counterclaim, Lacey claims a transfer of Warren's interest in the property, asserting existence of a constructive trust. CT Page 5245
Based upon a preponderance of the evidence the Court finds the following material facts. Lacey took title to the property located at 38 Dudley Street in Hamden, Connecticut on March 30, 1984. Title was taken in Lacey's name alone. On April 12, 1984 Lacey quitclaimed an interest to Warren as security for his loan of the down payment, relying on her belief that the parties would be married.
Lacey purchased the property with the intention of expanding her already existing day care center. The parties lived in the premises until 1987 when Lacey had Warren removed with a temporary restraining order. Since such time Lacey alone has maintained the property and paid all expenses.
On numerous occasions, Warren stated in response to Lacy's request for contribution toward household bills that the house was hers and she should pay the bills. For approximately one year and a half, Warren contributed to household expenses. However, approximately a year and a half after the parties moved into the property, Warren stopped working and developed a serious drinking and gambling problem. Until the time she had him removed in 1987, Warren was home only one or two nights per week. During this time, Lacey paid all of the household expenses and maintenance costs. Warren began physically abusing Lacey in order to get money from her to maintain his drinking and gambling habits. The parties never married.
In addition to the sums of money paid to Warren as a result of the physical abuse, Lacey loaned him approximately $4,000.00 to cover the salaries of employees to whom he owed money. She also borrowed $5,000.00 from the American National Bank which she lent to Warren to enable him to purchase a truck for his business. Neither loan was ever paid back by Warren. By virtue of Lacey's loans to Warren, the original loan by Warren to Lacey has been satisfied in full.
Connecticut General Statutes 52-495 states that the Court hearing any action for equitable relief may, upon the complaint of any person interested, order partition of any property held in joint tenancy. A court may order a partition by sale if the court finds that it is preferable to partition in kind. Borzencki v. Stakeum, 195 Conn. 368. (1985).
A partition action is equitable in nature. Land Enterprises, Inc. v. Dorman, 23 Conn. App. 129 (1988). It is a fundamental principle of equity that he who comes into equity must come with clean hands. 27 Am.Jur.2d, Equity, Section 136. A party may be denied relief in a court of equity if his conduct has been inequitable, unfair or dishonest as to the controversy in issue. CT Page 5246 Id.
Both special defenses assert that a constructive trust should be imposed on Warren's record interest in the property.
Whether a constructive trust should be imposed depends on the particular circumstances of the case. Before a constructive trust can be created, it must be found that a special relations, hip exists between the parties. Downey v. Downey, 1 Conn. App. 489
(1988). "In order for a constructive trust to be imposed, the plaintiff must allege fraud, misrepresentation, imposition, circumvention, artifice or concealment, or abuse of confidential relations. Wing v. White, 14 Conn. App. 642, 644 (1988), citing Worobey v. Siebieth, 136 Conn. 352 (1949). The imposition of a constructive trust by equity is a remedial device designed to prevent unjust enrichment . . . [I]t arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it. White, Id. at 644. Cohen v. Cohen,182 Conn. 193 (1980). In the present case, the parties had dated since 1980 and Warren had asked Lacey to marry him prior to her purchasing the subject property. Lacey relied on Warren's assurance of marriage in her decision to quit claim an interest in the subject property to him.
Once a special relationship has been demonstrated, there must also be a finding that the party seeking relief will be unjustly enriched. CBS Surgical Group, Inc. v. Holt, 37 Conn. Sup. 555
(1981). The purpose of imposing a constructive trust was set out in Beatty v. Guggenheim Exploration Company, Judge Cardozo wrote:
 A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstance that the holder of legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee. 225 N.Y. 38 (1919), quoted in Cohen v. Cohen, 182 Conn. 193, 203 (1980).
In the present case, Lacey purchased the home in her own name in order to expand her long standing day care business. Warren's name was not on the original deed and note.
Lacey loaned Warren significant amounts of money to pay off his employee debts and to allow him to purchase a truck for his business. These loans constitute full satisfaction of the original $5,000.00 down payment loan. To allow Warren to force a sale of the property in which he would receive a share of the proceeds would clearly constitute unjust enrichment. CT Page 5247
Constructive trusts have been asserted both in defense and as a cause of action seeking affirmative relief in Connecticut. Filosi v. Hawkins, et al, 1 Conn. App. 634 (1984); Cohen v. Cohen,182 Conn. 193 (1980); Hieble v. Hieble, 164 Conn. 56 (1972).
The Filosi case is similar to the present case. In Filosi, the plaintiff father had assisted his daughter and son-in-law in the building of their new home. The deed and the mortgage were in the plaintiff's name only. The defendants made payments to the plaintiff to cover the mortgage. The plaintiff eventually paid off the balance of the mortgage and also paid the property taxes and insurance premiums on the property. The plaintiff, by way of summary process, sought possession of the premises, and the defendants filed a counterclaim alleging the existence of a constructive trust.
The trial court, in Filosi, rendered judgment for the defendants on their counterclaim and ordered the property to be conveyed to the defendants. The Appellate Court affirmed the trial court's decision. The court found that most of the expenses of the maintenance and improvements of the house were paid by the defendants. Id. at 639. It concluded "[u]nder these circumstances, to permit the plaintiff to retain title to the property would result in his unjust enrichment." Id.
As in Filosi, here the vast majority of the expenses of maintaining the house were borne by Lacey. In fact, Warren has not lived in the property since 1987.
For the foregoing reasons, Warren is not entitled to a partition of the property. Judgment shall enter for defendant on the complaint. Because the defendant has proven the essential allegations of her counterclaim, the Court enters judgment on the counterclaim, as follows:
1. A constructive trust is hereby imposed on Warren's interest in the property at 38 Dudley Street, Hamden, CT.
2. The plaintiff is hereby ordered to convey forthwith to the defendant his interest in said property by deed in form acceptable to counsel for the defendant.
Barry R. Schaller, Judge. CT Page 5248