[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a dispute between the plaintiff, Nina Lesavoy, and the defendant, Paul Daimler, who formerly cohabited, concerning certain real estate on Branch Brook Road in Wilton. The plaintiff seeks the imposition of a constructive or resulting trust on this property, as well as an accounting.
This case was referred to the attorney trial referee program, General Statute 52-434(a)(4), Practice Book 428 et seq., and the attorney trial referee, George W. Scott, Jr. Esq., recommended that judgment enter in favor of the defendant.
The attorney trial referee made a number of factual findings, among which were (i) that the premises in question were purchased by the defendant with his own funds prior to the time when the parties began their relationship, and that title to the property was in the defendant's name; (ii) that on or about September 1, 1984, several months after beginning cohabitation, the parties signed a written agreement entitled "Investment Agreement", which provided that the plaintiff would contribute $500 per month toward the monthly mortgage payment, and in turn would receive tax benefits and a proportionate amount of any capital gain that was realized upon the sale of the premises;[1] (iii) that the
agreement specifically provided that the plaintiff would not be deemed an owner of the property, nor could she force a sale thereof; (iv) that by March or April, 1986, the parties had terminated their relationship, at which point the plaintiff had contributed $8,500 towards the mortgage payments; and (v) that the defendant did not deny that the plaintiff was entitled to a share of the proceeds if and when he sold the premises.
The plaintiff did not file a motion to correct, Practice Book 438, and therefore our task is "limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions. Practice Book 440." Ruhl v. Fairfield, 5 Conn. App. 104, 106, 496 A. 994
(1985). Moreover, this court's authority in reviewing the reports of attorney trial referees is limited. As our CT Page 9285 Connecticut Supreme Court held in Dills v. Enfield,210 Conn. 705, 714, 557 A.2d 517 (1989), (i) the trial court may not "retry the case"; (ii) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book 439, "a material fact has been found without evidence or the (referee) has failed to find an admitted or undisputed fact, or had found a fact in such doubtful language that its real meaning does not appear"; and (iii) a trial court may not engage in "fact-finding contrary to the report of the referee." Id., 716.
The referee also indicated that the parties, who evidently prepared the "Investment Agreement" themselves, never specifically provided what would happen if the plaintiff ceased her monthly contribution to the mortgage payments. He determined, however, that the defendant had conceded that the plaintiff would be entitled to "a proportionate share of capital gains realized at sale based upon the proportion her $500 monthly payments bear to all mortgage payments made from September 1, 1984, through date of sale after a deduction for capital improvements made by him and the cost of sale."
The plaintiff claimed that she was entitled to an immediate sale and the recovery of her share of the capital gain, notwithstanding the explicit provisions to the contrary, on the equitable theories of a constructive and/or resulting trust, but the referee disagreed. A constructive trust is said to arise when the person who holds title to real property is under a duty to convey it to another or otherwise he would be unjustly enriched. Spatola v. Spatola, 4 Conn. App. 79, 81, 492 A.2d 518 (1985)[2]
The referee determined that the parties did not have a confidential or fiduciary relationship, and that they signed the agreement in question knowing full well what they were doing. The plaintiff points out that the defendant in his capacity as a stockbroker did advise her regarding some stock holdings, but the referee indicated that this relationship had nothing to do with the real estate, and actually continued after the parties terminated their personal relationship.
The Spatola case also describes a resulting trust as arising when the money for property is paid by one party but legal title is in the name of another Id., 82. The referee found that this form of trust was inapplicable because although title to the property is in Mr. Daimler's name, he in fact had paid for the property himself, and did so before his relationship with the plaintiff commenced. The referee CT Page 9286 also determined that an accounting at this time was premature.
Because I believe that the referee's conclusions follow logically from his factual findings, which must remain undisturbed, his recommendations are accepted. No material error in the referee's report has been found, or any other sufficient reason why it is unacceptable. Practice Book 443. In the words of Practice Book 440, the "conclusions of fact" were "properly reached on the basis of the subordinate facts found."
Accordingly, judgment may enter in favor of the defendant.
So Ordered.
Dated at Stamford, Connecticut this 22nd day of November, 1991.
WILLIAM B. LEWIS, Judge.