[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant Michael Pogue moves to strike each of the five counts of the complaint filed by plaintiff Rabbit Ears Productions, Inc. For the reasons stated below, the motion to strike the five counts is denied.
The defendant moves to strike the first and second counts on the ground the plaintiff has failed to allege any specific injury or damage. In the first and second counts, the plaintiff alleges causes of action based on a theory of fraudulent misrepresentation. See Miller v. Appleby, 183 Conn. 51, 54 (1981). Recovery is restricted in such cases "to those damages which might foreseeably be expected to follow from the character of the representation itself." Id. at 58. The alleged misrepresentations concern the defendants employment history, qualifications, and managerial experience.[1] The plaintiff claims it relied upon the misrepresentations in setting the defendant's compensation, issuing stock to the defendant, and forgiving debt owed by the defendant to the plaintiff. The pleading fairly apprises the defendant of the damage claims. Any lack of specificity is not a basis for CT Page 12445 dismissing the first or second count.
The defendant moves to strike the third count on the ground the plaintiff has failed "to plead a contract or any other source giving rise to an implied duty of good faith and fair dealing." In the third count, the plaintiff repeats the allegations of fraudulent misrepresentation and further alleges that the defendant was under an obligation to act fairly and in good faith when dealing with the plaintiff since the plaintiff, its officers and employees had placed special trust and confidence in the defendant; that the defendant breached this duty; and that as a result of the breach of duty the plaintiff has been damaged.
The plaintiff has sufficiently alleged a factual basis for the existence of a duty of good faith and fair dealing. Such a duty arises from the relationship between a corporate officer and the corporation. Pacelli Bros. Transportation, Inc. v. Pacelli,189 Conn. 401, 407 (1983). Accordingly, the motion to strike the third count must be denied.
The defendant moves to strike the fourth count on the ground the plaintiff "ignores the mandatory safe harbor provided by Conn. Gen. Stat. § 33-323 for director transactions approved by the disinterested members of the board of directors." This statutory section provides a procedure for eliminating from challenge contracts or transactions by a corporation with officers which at common law were voidable for self-dealing. Rosenfeld v. MetalsSelling Corp., 229 Conn. 771, 796-97 (1994). In the fourth count, the plaintiff challenges the defendant's purchase of another employee's shares of stock in the plaintiff company. The plaintiff has not alleged shareholders or disinterested directors approved the defendant's stock transaction. The defendant, nevertheless, argues that such an "admission" is found sub silentio in the complaint. The court can not properly find such an admission. "In ruling upon a motion to strike, the court is limited to the facts alleged in the complaint. Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 215 (1992). If the defendant wants to prove facts which establish a safe harbor for the stock transaction, he may do so by alleging the pertinent facts in a special defense in accordance with section 164 of the Practice Book. The safe harbor defense is not a basis for striking the fourth count.
The defendant moves to strike the fifth count on the ground the plaintiff "does not allege any of the essential elements of a CT Page 12446 claim for a constructive trust." In the fifth count, the plaintiff alleges that it issued stock in the corporation to the defendant; that when it issued the stock it relied upon false representations made by the defendant; that the defendant made the false representations in violation of a duty he owed to the plaintiff to candidly, truthfully and accurately disclose the complete facts concerning his background and experience and prospects for other employment and in violation of a duty of good faith and fair dealing. The plaintiff further alleges that the defendant had an appreciation and knowledge of the benefit, has been unjustly enriched, and accepted and retained the stock under circumstances which make it inequitable for him to retain it. Among the plaintiff's prayers for relief is a request for "the imposition of a constructive trust in favor of Rabbit Ears on all stock held or claimed by Pogue. . . ."
The defendant argues that the case of Gulack v. Gulack,30 Conn. App. 305, 620 A.2d 181 (1993), sets forth the elements of a constructive trust and that the plaintiff has failed to allege all the essential elements described in Gulack. The Gulack case concerned what is often called a resulting trust. See Restatement, Second, Trusts §§ 404-410 (1959). A resulting trust arises to effectuate the intent of the settlor. A constructive trust, on the other hand, is imposed to redress wrong or unjust enrichment. See Restatement, Second, Trusts § 1, comment e and Chpt. 12, Introductory Note (1959). "A constructive trust is imposed not because of the intention of the parties but because the person holding title to property would profit by a wrong or would be unjustly enriched if he were permitted to keep the property." Restatement of Restitution, § 160, comment b (1936). Connecticut courts have imposed constructive trusts where there has been no intent on behalf of the grantor to benefit a third person. SeeHarper v. Adametz, 142 Conn. 218, 225, 113 A.2d 136 (1955); Millardv. Green, 94 Conn. 597, 601, 110 A. 177 (1920). The present case is not controlled by the essential elements described in the Gulack
opinion.
"In order for a constructive trust to be imposed, the plaintiff must allege fraud, misrepresentation, imposition, circumvention, artifice or concealment, or abuse of confidential relations." Wing v. White, 14 Conn. App. 642, 644, 542 A.2d 748
(1988). This the plaintiff has done. The motion to strike the fifth count must be denied.
For the reasons stated above, the motion to strike each count CT Page 12447 of the complaint is denied.
THIM, JUDGE