[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR RECONSIDERATION
The defendant moves to strike Counts One, Two, Four and Seven of the complaint.
On or about May 29, 1991, David R. Hill [Depositor] opened a CT Page 4034-U checking account with the Bank of South Windsor [Bank]. On or about January 8, 1992, Massachusetts Mutual Life Insurance Company [Insurer] issued a policy insuring the depositor in the amount of five hundred thousand dollars ($500,000.00) to be paid upon his death. At or following the date of this issuance, the Bank entered into an agreement with the depositor whereby it agreed to issue payment for the premiums for the life insurance policy by electronic fund transfer from the depositor's checking account at the Bank.
From January 8, 1992 to May 1993, the Bank paid the premiums for the policy with knowledge that many of the payments created overdrafts in the depositor's account. On September 2, 1993, the depositor died and a claim was made under the policy by his wife, Lori Hill [Hill] for the payment of death benefits. The insurer refused to honor the policy on the grounds that the depositor failed to make premium payments for the months of June, July and August of 1993. On June 27, 1995, Hill filed an eight count revised complaint against the Bank for failure to make payments for the months in question and against the insurer for failure to honor the policy. On October 24, 1995, the Bank filed a motion to strike Counts One, Two, Four and Seven of the Revised Complaint and a Memorandum in Support. On December 1, 1995, Hill filed a Memorandum in Opposition.
"Whenever any party wishes to contest . . . (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof."Bouchard v. People's Bank, 219 Conn. 465, 468 n. 3, 594 A.2d 1
(1991). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegation would support a defense or a cause of action, the motion to strike must fail."Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985).
COUNT ONE — STANDING AS THIRD PARTY BENEFICIARY
In Count One, Hill alleges that the Bank breached its agreement with the depositor "to make all premium payments and to CT Page 4034-V honor overdrafts in said account with the [Bank]." Revised Complaint, p. 3. Hill contends that the depositor and the Bank agreed and intended that the Bank would assume a direct obligation to her as a third party, thus she is entitled to bring this action as a third-party beneficiary. The Bank argues that the only agreement regarding these payments was made between the depositor and the insurer; not the Bank. "It [the Agreement] is not even a contract between [the Bank] and insured.[1] There is no other reference in the Complaint to any other manifestation of intent by and between the contracting parties." Memorandum in Support, p. 4.
In order to enforce this agreement as a third party beneficiary, Hill must "allege and prove that the contracting parties intended that the promisor should assume a direct obligation to the third party." Stowe v. Smith, 184 Conn. 194,196, 441 A.2d 81 (1981). In Gateway v. DiNoia, 232 Conn. 223,654 A.2d 342 (1994), the court held that, "[a] third party beneficiary may enforce a contractual obligation without being in privity with the actual parties to the contract. . . . the ultimate test to be applied in determining whether a person has a right of action as a third party beneficiary is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party beneficiary." (Citations omitted; internal quotation marks omitted.) Id. "That intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties." Knappv. New Haven Road Construction Co., 150 Conn. 321, 325,189 A.2d 386 (1963).
However, it appears that there is a question of fact as to which agreement is at issue. While the Bank in its Memorandum in Support refers to the MMM Plan Authorization,[2] Hill, in her revised complaint, only refers to an oral agreement between the depositor and the Bank. "Upon information and belief, said agreement between the Defendant Bank and said David R. Hill was oral." Revised Complaint, pps. 1-2. While, "it is true, of course, that it is not in all instances necessary that there be express language in the contract creating a direct obligation to the claimed third party beneficiary," Id., 326; in this instance there is a discrepancy as to which contract created the obligation; the oral contract between the Bank and the depositor or the written contract between the depositor and the insurer. On a motion to strike, the court, "[i]n reviewing a granting of a CT Page 4034-W motion to strike, [takes] the facts alleged in the plaintiff's complaint and construe[s] the complaint in the manner most favorable to the plaintiff. This includes the facts necessarily implied and fairly provable under the allegations. It does not include, however, the legal conclusions or opinions stated in the complaint. If facts provable in the complaint would support a cause of action, the motion to strike must be denied." S.M.S.Textile v. Brown, Jacobson, Etc., P.C., 32 Conn. App. 786, 790,631 A.2d 340 (1993). Thus, construing the facts of Hill's complaint as true, we conclude that an oral contract did exist between the depositor and the Bank. Whether this contract created an obligation to Hill as a third party beneficiary is a question of fact. "Intent is a question of fact" Spatola v. Spatola,4 Conn. App. 79, 82, 492 A.2d 518 (1985) and "[a] Motion to Strike shall not be used to determine facts." Mingachos v. CBS, Inc.,
supra 108. Accordingly, the defendant's motion to strike Count One is denied.
COUNT TWO — EXISTENCE OF A FIDUCIARY DUTY
In Count Two, Hill alleges that the Bank had "a longstanding, special relationship of trust and confidence with the Plaintiff and her husband, who justifiably relied upon the fact that the [Bank] has superior knowledge, skill and expertise in insuring available funds for timely payment on the life insurance policy." Revised Complaint, p. 3. Hill argues that a fiduciary relationship existed between the depositor and the Bank which required the Bank to "take certain steps to insure the payment of the life insurance policy premiums." Memorandum in Support, p. 7.
In Dunham v. Dunham, 204 Conn. 303, 528 A.2d 1123 (1987), the court defined a fiduciary duty as "characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other. Id., 322. Usually, a bank does not owe its depositor a fiduciary duty. "The fact that a bank is indebted to its account holders for the amount of the funds that they have deposited. . . . imposes no special duty of care for the safekeeping of the funds on deposit." (Citations omitted.) Frigon v. Enfield Savings and Loan Assoc., 195 Conn. 82,87, 486 A.2d 630 (1985). However, under special circumstances, the Connecticut courts have recognized a fiduciary duty in consumer banking transactions. Courts have determined that a fiduciary relationship may exist where "there is a justifiable trust confided in one side and a resulting CT Page 4034-X superiority and influence on the other." Harper v. Adametz,142 Conn. 218, 225, 113 A.2d 136 (1955). However, given that the circumstances which may create a fiduciary relationship are so varied, it is extremely difficult. . . . to formulate a comprehensive definition of it that would fully and adequately embrace all cases. . . . The relevant inquiry is whether there was an undertaking in which a duty is created in one person to act primarily for another's benefit in matters connected with such undertaking. A fiduciary relationship may arise where there is a long history of dealings between the plaintiff and the bank, and where the bank acts as the plaintiff's financial advisor. . . . or where the bank gains the confidence of the borrower and purports to act or advise with the borrower's interests in mind." Krondes v. Norwalk Savings Society, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 288829 (April 3, 1995) (Cocco, J.).
Hill's assertion that a fiduciary relationship existed between the depositor and the Bank is a legal conclusion. As such, Hill does not receive the benefit of favorable construction and must provide facts that sufficiently sustain this conclusion. "[Favorable construction] includes the facts necessarily implied and fairly provable under the allegations. It does not include, however, the legal conclusions or opinions stated in the complaint. If facts provable in the complaint would support a cause of action, the motion to strike must be denied." S.M.S.Textile v. Brown, Jacobson, Etc., P.C., supra, 32 Conn. App. 790. Hill fails to allege any facts that suggest that `special circumstances' existed to support this conclusion. As a fiduciary, Hill's right to bring this action flows from the duty created from a fiduciary relationship between the depositor and the Bank. She has failed to allege sufficient facts to demonstrate such a relationship. Accordingly, the defendant's motion to strike count two is granted.
COUNT FOUR — WRONGFUL DISHONOR
General Statutes § 42a-4-402 states in pertinent part, "A payor bank is liable to its customer for damages proximately caused by the wrongful dishonor of an item." General Statute § 4-104-1(i) defines a `properly payable' account as one where the funds are available at the time of the decision to pay or dishonor the check. The facts are undisputed that the depositor did not have sufficient funds in his account to pay the insurance premium payments for the months in question when they CT Page 4034-Y came due. Thus, the Bank could not have wrongfully dishonored the request for payments as no funds were available for payment. "To make a collecting bank a holder for value where it applies a deposit to an overdrawn account is a result consistent with logic and good banking practice. If an account is overdrawn, it is highly doubtful that a bank would pass over an opportunity to erase or reduce the overdraft. That opportunity arises when the customer makes a deposit. The bank credits or sets off the overdraft and waits for final settlement as a holder for value. If the check is dishonored, the bank may then reverse the provisional granting of credit to the overdraft and proceed [against] its customer." Laurel Bank Trust v. City NationalBank, 33 Conn. Sup. 641, 649, 365 A.2d 1222 (1976). In light of this holding, this court finds that to make a bank liable under § 42a-4-402 where the account in question is overdrawn is a result `inconsistent with logic and good banking practice.' Accordingly, the defendant's motion to strike Count Four is granted.
COUNT SEVEN — IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
Hill claims that the Bank breached an obligation of good faith and fair dealing that would be implied in the underlying contract between the depositor and the Bank as a matter of law. However, this `duty of good faith' is "essentially [is] a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended." Magnan v.Anaconda Industries, Inc., 193 Conn. 558, 567, 479 A.2d 781
(1984). For the purposes of this motion, the court assumes that this obligation of good faith exists through the creation of an enforceable oral agreement between the depositor and the Bank. "An implied obligation of good faith and fair dealing presupposes that the terms and purpose of the contract are agreed upon by the parties and that what is in dispute is a party's discretionary application or interpretation of a contract term." Shawmut BankConnecticut v. L R Realty, Superior Court, judicial district of New London at New London, Docket Nos. 523134, 522814 (June 20, 1995) (Austin, J.). "Furthermore, the standard of proof for establishing fair dealing is not the ordinary standard of proof of fair preponderance of the evidence, but requires proof either by clear or convincing evidence, clear and satisfactory evidence or clear, convincing and unequivocal evidence." KonoverDevelopment Corp. v. Zeller, 228 Conn. 206, 230, 635 A.2d 798
(1994). "Once a fiduciary relationship is found to exist, the burden of proving fair dealing properly shifts to the fiduciary." CT Page 4034-Z (Internal quotation marks omitted.) Id., 219.
Hill has failed to allege sufficient facts to establish a fiduciary relationship between the depositor and the Bank. In her memorandum, Hill cites to a number of cases to support the proposition that she has a right as a third party beneficiary to bring this action. However, she fails to allege facts that support her legal conclusion that wrongdoing or `unfair dealing' was exercised by the Bank with respect to the oral contract. Accordingly the defendant's motion to strike count seven is granted.