[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S SECOND MOTION TO STRIKECOUNTS FIVE, SIX AND SEVEN
On October 3, 1996, the plaintiffs Helen and Albert E. Rosenfield filed a second amended complaint against the defendants Sanitary Services Corporation, Roland A. Lestage, Jr., Town of West Hartford, James J. Strillacci, Dana Hallenbeck and Barry Feldman.
The plaintiffs allege that on June 5, 1995, while the plaintiff Helen Rosenfield was walking on Mohawk Drive in West Hartford, she was hit and severely injured by a garbage truck that was backing up. Second Amended Complaint, Count Five
11. The plaintiffs further allege that West Hartford; the Chief of Police James J. Strillacci, the Director of Public Works, Dana Hailenbeck and the Town Manager of West Hartford, Barry Feldman, were negligent in discharging their duties regarding refuse collection oversight and pedestrian safety.
On March 6, 1996, the defendants, West Hartford, Strillacci, Hallenbeck and Feldman (municipal defendants), filed a motion to strike counts five, six and seven[1] of the plaintiffs' original complaint on the ground of governmental immunity. On July 29, 1996, the court, Sheldon, J., denied the defendants' CT Page 6218 motion to strike because the allegations in count five made it possible to bring the plaintiffs' claim within the identifiable person/imminent harm exception to governmental immunity. On September 4, 1996, the plaintiffs requested leave to file an amended complaint modifying some of the negligence allegations in count five based on information developed during discovery. On October 3, 1996, the plaintiffs filed another request for leave to amend their complaint and appended the "second amended complaint" to that request. There was no objection to said request. Thus, the second amended complaint is the subject of the present motion to strike.
Originally, ¶ 12 of count five of the plaintiffs' complaint alleged that the defendants were negligent in the following ways:
 (a) In that they knew or should have known that the sidewalks in the vicinity were under repair and that pedestrians in that well-traveled area would therefore walk on the paved surface of the road, and they knew or should have known that vehicles including garbage trucks in the area backed down Norwood Road onto Mohawk Drive because Norwood Road had no public outlet and no area for turning vehicles, yet they failed to provide police traffic protection for pedestrians walking in that vicinity;
 (b) In that they knew or should have known of prior complaints regarding the operation of such garbage trucks, including complaints regarding the danger posed by said trucks to pedestrians, yet they failed to take proper and adequate steps to reduce the hazard posed by those trucks to pedestrians, including limiting or forbidding the backing of said trucks, designating turn around areas and/or requiring a crew of at least two members on the large garbage trucks such as struck the plaintiff and her walking companion;
 (c) In that they failed to request or require that large garbage trucks be manned by a crew of two in areas in which the trucks would be required to back long distances and/or around corners in residential neighborhoods, although they knew or should have known of the dangers posed by such trucks backing with a crew of only one;
 (d) In that they failed to request or require that Sanitary Services Corporation, the company hauling refuse under CT Page 6219 contract with the Town of West Hartford, use smaller, more maneuverable garbage trucks in residential areas in which backing long distances and/or around corners would otherwise be required;
 (e) In that they failed to check the driving records of the drivers of large garbage trucks hauling trash in residential neighborhoods pursuant to contract with the Town of West Hartford, when they could and should have done so if they had been in exercise of reasonable care, and, if they had done so, they would have ascertained that the defendant, Roland LeStage, Jr., had a driving record which should have disqualified him from operating a large garbage truck in a residential area of West Hartford.
 Following the court's denial of the defendants first motion to strike, the plaintiffs amended ¶ 12 of the original complaint. While the plaintiff did not alter ¶ 12(a), the plaintiffs deleted the original paragraphs 12(b) through 12(e) and added the following new paragraphs alleging that the defendants were negligent:
 (b) in that, pursuant to the terms of the contract between the defendant, Town of West Hartford and the defendant, Sanitary Services Corporation, they were charged with the responsibility and duty to see that garbage collection by Sanitary Services Corporation was carried out in accordance with the terms of that contract, yet they failed to obtain a complete copy of the contract and thus failed to learn the contractual requirements for backing of vehicles, which were violated in this instance and on prior occasions;
 (c) in that they failed to read the contract which they were charged with administering, particularly the NSWMA Manual of Recommended Safety Practices, which was made a part of the contract, and thus failed to learn that the backing procedure used by the defendant, Roland Lestage, and other drivers, did not comply therewith;
 (d) in that, although their duties encompassed monitoring of compliance with the garbage collection contract, and although they were empowered to, and had a responsibility to stop unsafe backing of garbage trucks and order drivers to desist from such backing, they failed to recognize and stop the practice of backing out and around corners CT Page 6220 onto through streets because they were unaware of the express provisions regarding backing procedures in the contract which they were to administer;
 (e) in that they failed to terminate the contract with the defendant, Sanitary Services Corporation, although empowered by the contract to do so, because they were unaware of the provisions with which the town mandated compliance by Sanitary Services Corporation and thus unaware of violations thereof;
 (f) in that they were charged with the responsibility and duty to maintain a file regarding complaints about Sanitary Services Corporation's garbage collection, but failed to do so, when if they had done so, they would have obtained information leading to discovery of the failure of Sanitary Service Corporation drivers to back vehicles in accordance with the requirements of the contract, which failure, had it been detected, could and should have been corrected by the aforesaid municipal defendants by ordering the drivers to cease and desist from the unsafe backing procedure, thereby avoiding this accident; and/or
 (g) in that, pursuant to the terms of the contract between the Town of West Hartford and Sanitary Services Corporation, they were charged with the responsibility and duty to obtain a list of drivers from Sanitary Services Corporation, and they had an obligation to ensure that persons collecting, hauling or transporting garbage, refuse, rubbish or recyclable materials were properly licensed and registered in accordance with the contract and/or Chapter 94 of the West Hartford town ordinances, but they failed to obtain a list, and to check driver qualifications, thereby resulting in their failure to ascertain that the defendant, Roland Lestage, had a suspension and conviction history which rendered him unsuitable and/or unqualified to operate garbage trucks collecting in residential areas of West Hartford for Sanitary Services Corporation under its contract with the Town of West Hartford.
On November 7, 1996, defendants, West Hartford, Strillacci, Hallenbeck and Feldman, filed a motion to strike counts five, six and seven of the second amended complaint and a supporting memorandum of law. On December 3, 1996, the plaintiffs filed a memorandum of law in opposition to defendants' second motion to CT Page 6221 strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . . The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded. . . ." (Citations omitted.)RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2.,650 A.2d 153 (1994). "If facts provable under the allegations would support . . . a cause of action, the motion to strike must be denied." (Citation omitted.) Id.,
The defendants argue that the court should strike count five of the plaintiffs' second amended complaint because the plaintiffs did not allege that West Hartford assumed an obligation to the plaintiffs by contracting with Sanitary Services Corporation. Moreover, the defendants argue that the plaintiffs cannot make such an allegation because the defendant West Hartford never intended to assume any obligation to the plaintiffs when they contracted with the defendant Sanitary Services Corporation. The defendants further argue that, because counts six and seven are derivative of count five, the court should strike these counts along with count five.
The plaintiffs counter that the court should deny the defendants' motion to strike for any one of the following four reasons. First, count five has already survived a motion to strike. Second, the defendants have not given any reasons for the court to strike ¶ 2(a) of count five. Third, the case that the defendants rely on is distinguishable from the present case. Fourth, count five of the second amended complaint sufficiently alleges the beneficiary status of the plaintiffs.
The plaintiffs argue that the court should deny the defendants' motion to strike counts five, six and seven of the second amended complaint because the court has already denied the defendants' previous motion to strike these counts.
Although the plaintiffs do not provide any authority in support of this argument, research has revealed a Superior Court CT Page 6222 case holding that a defendant who has failed to raise all grounds for striking a complaint may not file a second motion to strike asserting additional grounds. Hartt v. Schwartz, Superior Court, judicial district of New Haven at New Haven, Docket No. 331912 (March 15, 1994, Hodgson, J.). This court agrees.
In Hartt v. Schwartz, the court reasoned that, reading Practice Book § 112[2] and 114[3] together, "these provisions indicate that after his motion to strike was denied, the defendant did not have the option of filing another such motion but could only file a pleading enumerated later in the list of authorized pleadings." Id. The court further reasoned that Practice Book § 154 and Practice Book § 156 confirm this interpretation by "specify[ing] that multiple grounds are to be pleaded together in the same motion to strike though they are to be articulated separately and adjudicated with specificity." Id.; see Practice Book § 154 (providing that each motion to strike shall "set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each claimed insufficiency"); Practice Book § 156 (providing that a judge deciding a motion to strike in which more than one ground is asserted shall specify the ground relied upon in striking the claim). The court then concluded that "[s]ince the Practice Book specifically provides for the assertion of multiple grounds in a single motion to strike, and since it further provides that pleadings are to advance after the adjudication of each enumerated pleading, the defendant may not delay the progress of the suit by dividing his grounds and pleading them in successive, multiple motions to strike." Hartt v. Schwartz, supra.
While the defendants filed their second motion to strike after the plaintiffs amended their original complaint, the plaintiffs' original complaint refers to the contract between the defendants and Sanitary Service Corporation. See Complaint, Count Five ¶ 12(d) (alleging that the defendants were negligent "[i]n that they failed to request or require that Sanitary Services Corporation, the company hauling refuse under contract with the Town of West Hartford, use smaller, more maneuverable garbage trucks in residential areas in which backing long distances and/or around corners would otherwise be required") (emphasis added.) Based on the language in ¶ 12(d) of the plaintiffs' original complaint, the defendants, in their original motion to strike, could have raised the grounds of failure to allege third party beneficiary status. In the opinion of the court the defendants improperly filed a second motion to strike using CT Page 6223 grounds that they could have asserted in their first motion to strike. Accordingly, the court denies defendants' second motion to strike.
The plaintiffs argue that the court should deny the defendants' motion to strike for failing to provide reasons for striking ¶ 12(a) of count five as required by Practice Book § 154[4] and Practice Book § 155.[5] The plaintiffs further argue that the court should deny the defendants' motion to strike for not seeking to strike the entire count.
It is technically improper to strike portions of a count. SeeMartin v. Plude, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 278393 (March 18, 1994, Maiocco, J.). "A motion to strike a single paragraph is technically improper when the paragraph does not purport to state a cause of action."Michaud v. St. Mary's Hospital, Superior Court, judicial district of Waterbury, Docket No. 99015 (August 21, 1991, Byrne, J.) (6 C.S.C.R. 821); see also Ashan v. Olsen, Superior Court, judicial district of Hartford New Britain at Hartford, Docket No. 314430 (November 9, 1987, Wagner, J.) (3 C.S.C.R. 55) (stating that a motion may not be addressed to separate paragraphs of a pleading); E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970) § 94(a), p. 190 (stating that a demurrer "may not be addressed to separate paragraphs of the pleadings, for it is the total of the pleading not the individual paragraphs, which must set up a cause of action or defense."); see also Zamstein v.Marvasti, 240 Conn. 549, 567, ___ A.2d ___ (1997) (upholding the trial court's granting of a motion to strike a single paragraph of a complaint where that paragraph "would have viability only as a derivation of, or as an adjunct to, a valid underlying substantive cause of action.").
In the "Pertinent Allegations" section of their second motion to strike, the defendants list paragraphs 12(b) through 12(g) of the fifth count of the second amended complaint and state that "[t]he genesis of the Fifth Count arises out of alleged breaches by the municipal defendants in the administration of the refuse collection contract." Defendants' Second Motion to Strike, pp3-4. Paragraph 12(a) of the fifth count does not refer to the refuse collection contract and the plaintiffs did not alter this paragraph after the court ruled on the defendants' first motion to strike.
The court is of the opinion that in their second motion to CT Page 6224 strike, the defendants improperly seek to strike a portion of the fifth count of the second amended complaint and, accordingly, the court denies the defendants' second motion to strike.
The defendants argue that the plaintiffs did not allege that the defendant West Hartford intended to benefit the plaintiffs when it contracted with the defendant Sanitary Services Corporation and that the defendant West Hartford did not intend to benefit the plaintiffs when it contracted with the defendant Sanitary Services Corporation. The plaintiffs counter that the case law that the defendant relies on is distinguishable from the present case and that they have sufficiently alleged their beneficiary status.
In support of their argument, the defendants rely on Knapp v.New Haven Road Construction Co., 150 Conn. 321, 325, 189 A.2d 386
(1963) for the proposition that "the ultimate test to be applied [in determining whether a person has a right of action as a third party beneficiary] is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party [beneficiary] and . . . that intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties. . . ." (Citations omitted.) Id.; see also Amatulli Imports, Inc. v. Nargezian, Superior Court, judicial district of Danbury, Docket No. 309084 (January 19, 1993, Moraghan, J.) (8 C.S.C.R. 180) (granting a motion to strike a third party beneficiary complaint because it was "silent as to an assertion that the defendants intended to assume a direct obligation to the corporation and failed to allege sufficient facts to support it.").
In Amatulli Imports v. Nargezian, supra, the plaintiff, Amatulli Imports, Inc. (corporation) filed a four count complaint alleging breach of contract, tortious interference, CUTPA and conversion against the defendants, Raymond Nargezian and George B. Zaloom and Co. The complaint alleged that the corporation entered into an agreement with Richard and Mary Amatulli in which "the Amatullis agreed to give the corporation possession of 131 bales of rugs to satisfy two promissory notes executed by the plaintiff in favor of Connecticut National Bank, . . . either by selling the rugs or by surrendering them to [Connecticut National Bank] in lieu of payment." Id. "In turn, Richard Amatulli entered into an agreement with [Nargezian and Zaloom and Co.], in which they agreed to take custody and care of the 131 bales of rugs CT Page 6225 that he owned." Id. "[Nargezian and Zaloom and Co.] also agreed that Richard would be allowed to take possession of the rugs upon demand and turn them over" to the corporation. Id. "On December 11, 1991, Richard demanded the return of the rugs and [Nargezian and Zaloom and Co.] refused to relinquish possession." Id. In their motion to strike, Nargezian and Zaloom and Co. argued that the first count was legally insufficient because the corporation failed to allege that the Nargezian and Zaloom and Co., by entering into the agreement with Richard Amatulli, intended to benefit the corporation. Id. The court granted the motion to strike the first count of the plaintiff's complaint after finding that "[t]he first count is silent as to an assertion that the defendants intended to assume a direct obligation to the corporation and failed to allege sufficient facts to support it." Id.
While the defendants in the present case argue that the plaintiffs were not the intended beneficiaries of the contract between the defendants and Sanitary Services Corporation, the court believes that the question of whether the defendant West Hartford intended to benefit the plaintiffs when it contracted with the defendant Sanitary Services Corporation is not relevant in deciding a motion to strike. See Spatola v. Spatola,4 Conn. App. 79, 82, 492 A.2d 518 (1985) (holding that "[i]ntent is a question of fact"); see also Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985) (holding that [a] Motion to Strike shall not be used to determine facts.").
The plaintiffs argue that Amatulli Imports, Inc. v.Nargezian, supra, is distinguishable because (1) the defendants in the present case are municipal officers and (2) the fifth count of the second amended complaint seeks to recover for negligence rather than for breach of contract. The plaintiffs further argue that the contract is merely one basis of a relationship between the municipal defendants and the plaintiffs and that the contract provisions merely demonstrate the ministerial nature of the duties that the municipal defendants breached.
As stated above, the Connecticut Supreme Court has held that "a third party seeking to enforce a contract must allege and prove that the contracting parties intended that the promisor should assume a direct obligation to a third party." (Emphasis added.) Stowe v. Smith, 184 Conn. 194, 196, 441 A.2d 81 (1981). In the present case, the municipal defendants argue that the CT Page 6226 plaintiffs failed to allege an essential element of a third party beneficiary claim, namely that the defendants intended to assume a direct obligation to the plaintiffs. If the plaintiffs were attempting to set forth a claim for breach of contract through a third party beneficiary claim, the court would be in agreement. The plaintiffs, however, argue that the fifth count alleges negligence.
Reading the complaint in the light most favorable to the plaintiffs, the fifth count of the second amended complaint alleges negligence. See Novametrix Medical Systems, Inc. v. BOCGroup, Inc., supra, 224 Conn. 214-15 (stating that "[t]he court must construe the facts in the complaint most favorably to the plaintiff.") The defendants did not cite, and research did not reveal, any case law requiring the plaintiffs to allege that they were the intended third party beneficiaries of a contract when seeking recovery from a municipal defendant based on the negligent performance of duties defined in a contract. Thus, the court believes that the plaintiffs are not required to allege that they were the intended third party beneficiaries of the contract between the defendant West Hartford and the defendant Sanitary Services Corporation. Therefore, the fifth count of the plaintiffs' second amended complaint is legally sufficient and, accordingly, the court denies the defendants' motion to strike the fifth count. Because the sixth and seventh counts are derivative of the fifth count, the motion to strike is denied in its entirety.
Hale, J.