[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for partition, brought by the executors of the estate of Warner Stone ("Stone"). In November, 1994, the prior owner of a mobile home transferred title[1] to Stone, Ruth Jenkins and Dorothy Jenkins, who are the defendants in this action. Stone passed away in November, 1995, and the plaintiff co-executors assert that as tenants in common they are entitled to bring this cause of action for partition. The defendants, Ruth and Dorothy Jenkins, admitted in their answer that they owned a mobile home as tenants in common with Stone, but deny that a partition is appropriate in the circumstances of this case. They also assert a special defense to the effect that although Stone was a legal owner, he was not an equitable owner.
I find the facts to be as follows. Dorothy Jenkins is the mother of Ruth Jenkins. Stone was in some sense engaged to be married to Ruth in 1991. For all relevant periods of time, the three resided together. In 1994, as briefly noted above, the three moved into the trailer in issue. Ruth paid for the trailer, which according to the paperwork cost only one hundred dollars. Ruth and her mother paid the ground rent, as well as all taxes and insurance. I find that, although the evidence was somewhat disputed, Ruth and Dorothy paid for substantially all the improvements and ordinary expenses.[2] Stone paid for virtually none of the expenses of living in the mobile home, despite requests from Ruth.
A petition action, though authorized by statute, is equitable in nature. Gaer Brothers, Inc. v. Mott, 147 Conn. 411, 415
(1960); see § 52-495[3] of the General Statutes. "Our courts of equitable jurisdiction are empowered to order the sale of any estate, real or personal, owned by two or more persons, when, in the opinion of the court, a sale would better promote the interest of the owners. . . ." Gaer Bros., Inc., supra, see also Geib v. McKinney, 224 Conn. 219, 228-29 (1992). CT Page 12439
It is not entirely clear why Ruth put Stone's name on the conveyance; she testified his name was put on because they were "engaged." They never were married; thus, the presumptions operative in cases such as Hackett v. Hackett, 42 Conn. Sup. 36
(1990), are inapposite here. Ruth testified as well that Stone had several "girl friends" during the time they were engaged. As Stone's contributions to the enterprise were minimal, I find that a partition would be not only impractical but also unequitable, as would a partition by sale. The special defense, alleging a bifurcation of legal and equitable interests[4], has been proved.
The facts of the case appear to justify the imposition of a constructive trust in order to prevent unjust enrichment. See, e.g., Zack v. Guzauskas, 171 Conn. 98, 103 (1976); Wing v. White,14 Conn. App. 642, 645 (1988); Gulack v. Gulack,30 Conn. App. 305, 310 (1993); Filosi v. Hawkins, 1 Conn. App. 634, 638-39
(1984). As there has been no counterclaim seeking a constructive trust, however, I will, and do, simply enter judgment for the defendants.
Beach, J.