[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In a four count complaint, the plaintiff Guerina Lamonica seeks injunctive and other relief for harm she alleges to suffer because the defendants Angelo Lamonica and Joseph Lamonica are preventing her from CT Page 8029 being interred next to her deceased husband. The four counts respectively seek injunctive relief, damages for breach of contract, damages for intentional infliction of emotional distress and relief through the establishment of a constructive trust.
The case proceeded to trial on the plaintiffs amended complaint dated April 29, 2002. The defendants filed an answer denying material allegations but asserting no special defenses. The trial occurred on June 12 and 13, 2002. On the plaintiffs case, the court heard testimony from Attorney Michael Merati, the defendants' attorney, Maria Summa, the plaintiffs daughter, Renata Persechino, the plaintiff's nephew, Mary Susla, a longtime friend of the plaintiff, Lilia Persechino, the plaintiffs sister and the plaintiff herself The defendants presented testimony through Peter Robertsen, manager of the New St. Francis Cemetery, Attilia Lamonica, the plaintiff's sister and mother of the defendants, Nancy Renzullo, daughter of the plaintiff, and the defendant, Angelo Lamonica.
The court finds the following facts were proved by a fair preponderance of credible evidence. The plaintiff is the aunt of the defendants. The defendants' mother, who is the plaintiffs sister, Attilia, was married to David Lamonica who died in 1998. The plaintiff was married to John Lamonica, David's brother, and John died in 1985. Both John and David were buried in the family plot at St. Francis Cemetery. The family plot contains a large monument with the name "Lamonica" and eight burial sites. In 1985, when her husband John died, the plaintiff purchased two grass level grave stones: one was placed over John Lamonica's grave with the words "Husband and Father John G. Lamonica June 21, 1922-June 29, 1985"; the other was placed on the site next to that one and read: "Wife and Mother Guerina Persechino Lamonica April 14, 1928-".
The family plot was owned by John Lamonica and upon his death in 1995, his widow Attilia became owner. Attilia Lamonica then assigned the remaining burial rights to her sons Angelo and Joseph, the defendants in this case.[1]
On April 12, 2000, Attorney Merati, attorney for Attilia Lamonica and the defendants wrote to the plaintiffs lawyer with the following message:
The Lamonica boys have decided that under the circumstances, they wish me to inform Guerina that she will not be allowed to be buried in the Lamonica plot where her husband is buried. They wanted me to raise this pint now so that no matter what happens in the lawsuit your client understands that she will not be CT Page 8030 buried in the family plot. They have asked me to relay this information at this time so that she can make whatever arrangements are necessary including taking out the stone with her name on it, as soon as is possible.
Plaintiffs Exhibit 6.
This lawsuit followed.
The court finds that there was an agreement between the plaintiff and the defendants' parents that she would be buried beside her husband in the Lamonica family plot. This finding is based upon the credible testimony. It is also the finding of this court that during the pendency of other litigation, the defendants, with their mother's consent, informed the plaintiff that the agreement would not be honored by them.
As to the four counts of the complaint, the court first addressed the claim for damages for breach of contract. As to these defendants, the court finds that there was no meeting of the minds and no contract existed. Accordingly judgment on count two shall enter for the defendants.
The fourth count seeks the establishment of a constructive trust. A constructive trust may be imposed "against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy."Spatola v. Spatola, 4 Conn. App. 79, 81 (1985).
 To conclude that a constructive trust exists, the trial court must find, in addition to the existence of a confidential relationship, that unjust enrichment of the party holding title would occur if the trust were not imposed. Filosi v. Hawkins, supra; CBS Surgical Group v. Holt, 37 Conn. Sup. 555, 558-59 (1981)
Gulack v. Gulack, 30 Conn. App. 305, 312-13 (1993).
Based on the findings of fact, the court concludes that the elements of a constructive trust exist. The assignment of the burial rights to the defendants and their subsequent decision to deny the plaintiff her burying place beside her husband constitute the elements of a constructive trust in favor of the plaintiff The defendants would be CT Page 8031 unjustly enriched if the court did not apply this equitable remedy. CadleCo. v. Gable, 69 Conn. App. 279, 288 (2002).
As to the count of intentional infliction of emotional distress, the court finds for the defendants.
 Generally, to state a claim for intentional infliction of emotional distress, the defendants must show": "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the [actor's] conduct was the cause of the plaintiffs distress; and (4) that the emotional distress sustained by the [defendants] was severe." (Internal quotation marks omitted.) Parsons v. United Technologies Corp., 243 Conn. 66, 101
(1997).
Here, while the court finds that the first two elements have been proved, it cannot and does not find that this conduct by the defendants caused the severe distress claimed by the plaintiff. The evidence reveals that the family strife that caused the plaintiff stress, heartache and other problems, preceded the defendants' letter of April 2000. Accordingly, judgment may enter for the defendants on count three.
Count one seeks injunctive relief The extraordinary nature of injunctive relief requires that the harm complained of is occurring or will occur if the injunction is not granted. Although an absolute certainty is not required, it must appear that there is a substantial probability that but for the issuance of the injunction, the party seeking it will suffer irreparable harm. Karis v. Alexandra, 179 Conn. 390, 402
(1980). In Tighe v. Town of Berlin, 259 Conn. 83, 897-88 (2002), the Supreme Court reiterated the law governing this court in granting an injunction:
A party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law. . . . The extraordinary nature of injunctive relief requires that the harm complained of is occurring or will occur if the injunction is not granted. Although an absolute certainty is not required, it must appear that there is a substantial probability that but for the issuance of the injunction, the party seeking it will suffer irreparable harm. We note also that, in exercising its CT Page 8032 discretion, the court, in a proper case, may consider and balance the injury complained of with that which will result from interference by injunction.
Here, the plaintiff has proven irreparable harm. The defendants' argument that disinterment of the plaintiffs husband defeats this claim does not persuade the court. While the family has not been a family for some years,[2] the court finds that the plaintiff would suffer irreparable harm if she knew that at the time of her death she would not be buried next to her husband at the Lamonica family site. Removal of her existing engraved marker, the disinterment of her husband's remains with his engraved marker and the purchase of a site away from the Lamonica family plot do not present a realistic alternative to mitigate the irreparable harm.
Judgment may enter in favor of the plaintiff of the first and fourth counts. The defendants are ordered to refrain from preventing the plaintiff from being buried in the family plot and are further ordered to assign the burial rights of the marked grave site to the plaintiff Costs are awarded to neither party.
 ___________________ DiPentima, J.