[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE: #106
The plaintiff, William Chestnut, filed a five-count amended complaint against the defendant, Marjorie F. Kent, on February 13, 1998. The plaintiff alleges that the parties entered into an oral agreement whereby the defendant would purchase a house located on 44 Pickwick Street in Fairfield. In exchange for an interest in the house, the plaintiff would perform substantial repairs on the house. After performing between three and four thousand hours of work on the house, the defendant forced the plaintiff to leave the house. The plaintiff has alleged causes of action for breach of contract, intentional misrepresentation, constructive trust, unjust enrichment and tortious breach of contract.
On March 5, 1998, the defendant filed a motion to strike each count of the amended complaint on the following grounds: (1) pursuant to General Statutes § 52-550,[1] the plaintiff may not enforce an oral agreement for an interest in real property; (2) failure to specify false representations of fact to support the allegations made in count two; (3) failure to allege a confidential and fiduciary relationship between the parties in count three to support the creation of a constructive trust; and (4) a failure to allege sufficient facts indicating how the defendant made any false representations or indicating what services the plaintiff provided in counts four and five.[2] The plaintiff filed a memorandum in opposition to the motion to strike dated March 25, 1998, in which the plaintiff argues that CT Page 5392 he has alleged sufficient facts to remove the oral contract from the statute of frauds, because the plaintiff has alleged that he made substantial improvements to the subject property. The plaintiff also argues that an allegation that a party will perform all obligations under a contract but intends not to perform is a specific false statement that supports a claim for intentional misrepresentation. The plaintiff further argues that the plaintiff and the defendant were family, and so a confidential relationship existed to support the creation of a constructive trust. In addition, the plaintiff argues that Connecticut does recognize a cause of action for tortious breach of contract. The matter was heard by the court on March 30, 1998.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
A. Count One: Breach of Contract
"The construction of substantial improvements on the land by the purchaser . . . has been regarded as the strongest and most unequivocal act of part performance by which an oral contract to purchase land is taken out of the statute of frauds. . . . The making of valuable improvements alone in reliance on the vendor's promise has been deemed sufficient by many authorities to allow specific enforcement of the contract. . . . Our cases also have given the making of improvements a special significance as an act of part performance. Usually the making of improvements has occurred in combination with possession, another significant circumstance. Possession, however, is not a prerequisite, although it may be highly significant in establishing the reasonable reliance upon the oral contract which is essential." (Citations omitted.)Breen v. Phelps, 186 Conn. 86, 95-96, 439 A.2d 1066 (1982).
Here, the plaintiff is not the purchaser of the subject property. The plaintiff has alleged that he entered into an CT Page 5393 oral agreement with the defendant, whereby the defendant would purchase the subject residence, and the plaintiff would perform substantial work on the house, thereby having "an interest in the residence to the extent of any monies in excess of the amount put up by the Defendant." The plaintiff further alleges that he spent three to four thousand hours working on the house from 1993 until 1996. Nevertheless, the court finds that the plaintiff has pleaded sufficient facts to remove the alleged oral agreement from the statute of frauds through the part performance doctrine. See Goodman v. Estate of Meyer, Superior Court, judicial district of Litchfield, Docket No. 047499 (November 30, 1990) (McDonald, J.) (moving from Oklahoma to Connecticut and investing in improvements to Connecticut house constitutes part performance which avoids statute of frauds' requirement of writing). Accordingly, the defendant's motion to strike the amended complaint on the ground that the underlying oral contract is unenforceable is denied as to all counts.
B. Count Two: Intentional Misrepresentation
An action for fraudulent or intentional misrepresentation requires proof of four elements: (1) a false representation was made as a statement of fact; (2) it was untrue and was known to be untrue by the party making it; (3) it was made to induce the other party to act on it; and (4) the other party acted on the representation to his injury. See Web Press Services Corp. v.New London Motors, Inc., 203 Conn. 342, 362, 525 A.2d 57 (1987). "The intentional withholding of information for the purpose of inducing action has been regarded . . . as equivalent to a fraudulent misrepresentation." Pacelli Brothers Transportation,Inc. v. Pacelli, 189 Conn. 401, 407, 456 A.2d 325 (1983). "Where a claim for damages is based upon fraud, the mere allegation that a fraud has been perpetrated is insufficient; the specific acts relied upon must be set forth in the complaint." Maruca v. Phillips, 139 Conn. 79, 81, 90 A.2d 1959
(1952). "Fraud is not to be presumed, but must be strictly proven. The evidence must be clear, precise, and unequivocal."Connell v. Colwell, 214 Conn. 242, 252, 571 A.2d 116 (1990).
The plaintiff has alleged that the defendant made a false representation of fact that she would perform under the contract; that this representation was known by the defendant to be false; that the representation was made to induce the plaintiff to make substantial repairs to the subject residence; and that the plaintiff relied on the false representation to his CT Page 5394 detriment and has thereby been damaged. It is submitted that the plaintiff has made only "general assertions of fraudulent representations." Marcura v. Phillips, supra, 139 Conn. 81. Absent are any particular facts demonstrating what the representations were or how they were false. Accordingly, it is submitted that the plaintiff's allegations in count two are insufficient to state a cause of action for intentional misrepresentation, and the defendant's motion to strike count two is granted.
C. Count Three: Constructive Trust
"Although it is well settled that, in general, real property absolutely conveyed cannot be shown to be subject to an express trust created by parol agreement; General Statutes §52-550; . . . exceptions to this rule have been recognized where an injustice, sufficient to raise an equitable trust, would otherwise result. . . . A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee. . . . The imposition of a constructive trust by equity is a remedial device designed to prevent unjust enrichment. . . . Thus, a constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it. . . . One holding title to property upon which a constructive trust is imposed is not compelled to reconvey the property because he is a constructive trustee; it is because he can be compelled to convey title to the property that he is a constructive trustee." (Citations omitted; internal quotation marks omitted.) Schmaling v. Schmaling,48 Conn. App. 1, 18, A.2d (1998). "In order for a constructive trust to be imposed, the plaintiff must allege fraud, misrepresentation, imposition, circumvention, artifice or concealment, or abuse of confidential relations." Wing v.White, 14 Conn. App. 642, 644, 542 A.2d 748 (1988).
The court finds that the plaintiff has failed to allege sufficient facts demonstrating that the defendant made any fraudulent misrepresentations. Nor has the plaintiff alleged any facts indicating that the plaintiff and defendant shared a confidential relationship. "The confidential or special relationship must be of a nature that generates a `natural CT Page 5395 inclination to repose great confidence and trust.'. . . A confidential relation exists not only where there is a fiduciary relation . . . but also where, because of family relationship . . . the transferor . . . is justified in placing confidence in the belief that the transferee will act in the interest of the transferor." (Citations omitted; internal quotation marks omitted.) Gulack v. Gulack, 30 Conn. App. 305, 312,620 A.2d 181 (1993). Although the plaintiff claims in his memorandum that he and the defendant "were family," there is no such allegation in the complaint. Due to the absence of facts supporting the creation of a constructive trust, the defendant's motion to strike count three of the amended complaint should be granted.
D. Count Four: Unjust Enrichment
"The elements of unjust enrichment are well established. Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefit, and (3) that the failure of payment was to the plaintiffs' detriment." (Internal quotation marks omitted.) Ayotte BrothersConstruction Co. v. Finney, 42 Conn. App. 578, 581, 680 A.2d 330
(1996).
The plaintiff has alleged that as part of the oral agreement, the defendant received the benefit of having the plaintiff make substantial repairs to the residence from 1993 through 1996. The plaintiff has further alleged that the defendant accepted these benefits, and that the plaintiff expected to be compensated by receiving an interest in the residence. When taken in the light most favorable to the plaintiff, the allegations contained in count four of the amended complaint are sufficient to state a cause of action for unjust enrichment, and accordingly, the defendant's motion to strike this count is denied.
E. Count Five: Tortious Breach of Contract
In Radie v. Konica Business Machines USA Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 543110 (November 9, 1995) (Corradino, J.), the court held that there was no distinct cause of action for tortious breach of contract. The court determined that L.F. Pace Sonsv. Travelers Indemnity Co., 9 Conn. App. 30, 47-49, CT Page 5396514 A.2d 766, cert. denied, 201 Conn. 811, 516 A.2d 886 (1986) "merely stands for the proposition that where there is a claim for breach of an implied contract punitive damages can be recovered on that cause of action if an underlying tort or tortious conduct is proved. The [appellate] court's holding was that `Elements of tort such as wanton or malicious injury or reckless indifference to the interests of others giving a tortious overtone to a breach of contract action justify an award of punitive or exemplary damages.' The [appellate] court then reviewed the [relevant] paragraph of the breach of contract count in that case and held there were sufficient allegations of outrageous and malicious conduct to justify the court's instructions which allowed the jury to consider awarding punitive damages on the breach of contract count. . . ." Id.
In rendering a decision on the case before it, the Radie court then held that "[t]he plaintiff certainly . . . alleged sufficient malicious and outrageous conduct to make a claim for punitive damages on her breach of implied contract claim butL.F. Pace and the Restatement [(Second) of Contracts] do not recognize a separate cause of action for tortious breach of contract independent of and as some kind of an adjunct to the implied contract claim." The court then struck the plaintiff's separate count alleging a cause of action for tortious breach of contract. See also Lavallee v. Container Graphics Corp.,
Superior Court, judicial district of Rockville at Tolland, Docket No. 045497 (June 28, 1991) (Dunn, J.) (tortious breach of contract claim is not a cause of action recognized by the Connecticut courts). But see Capozziello v. Post PublishingCo., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 307141 (November 29, 1994) (Rodriguez, J.) (claim for bad faith breach of contract gives rise to distinct tort claim).
Based upon the reasoning of Radie, the defendant's motion to strike the fifth count of the amended complaint is granted. The court believes that the more persuasive reasoning supports the conclusion that there is no independent cause of action for tortious breach of contract. Instead, tortious elements should be asserted within a breach of contract claim, which would then open the door for a plaintiff to assert a claim for punitive damages in the prayer for relief.[3]
Accordingly and in summary the defendant's motion to strike the first and fourth counts of the plaintiff's amended complaint CT Page 5397 is denied, and the defendant's motion to strike the second, third and fifth counts of the amended complaint is granted.
SKOLNICK, J.