[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 165)
The plaintiff, Nathaniel W. Plotkin, filed a ten-count revised complaint against the defendants, Dilip Barot (Barot), Creative Choice Romes, Inc. (CCHI), CCH Bridgeport, LLC (CCHB), Bridgeport Rousing Authority (BRA), Capital Development Group, CT Page 7076 LLC (CDG), Laljeebhai R. Patel (Patel), Naek Construction Company (Naek), Diversified Technologies Corporation (Diversified), Mosley Sinclair, Bevco Associates, Inc. (BAI) and Lam Design, Inc. (LDI). The facts of this case are more fully set forth in the memorandum of decision for Motion to Strike # 166.
In count three, the plaintiff claims that BRA, by proceeding with its contract with CCHI and excluding the plaintiff from his role as legal counsel, has breached the contract between BRA and CCHI and CCHB. In count four, the plaintiff alleges that BRA violated its duty of good faith and fair dealing. In count five, the plaintiff alleges that BRA acted willfully, wantonly and recklessly by prohibiting and excluding the plaintiff from participating in negotiations, entering into the contract and sharing in the obligations and benefits of the contract. In counts nine and ten, the plaintiff seeks a declaratory judgment and an injunction, respectively.
BHA moves to strike counts three, four, five, nine and ten of the plaintiff's revised complaint, setting forth specific grounds for the motion as to each count. (Motion to Strike # 165.) The plaintiff has filed a memorandum and supplemental memorandum in opposition to the motion to strike, and the matter was heard by the court on April 12, 1999.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . [The court] must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270-71, 709 A.2d 558 (1998).
 A. Count Three: Breach of Contract
BHA contends that the plaintiff has failed to allege that the parties to the agreement failed to perform its obligations. BHA also contends that the plaintiff has failed to allege what provision of the agreement he is attempting to enforce. BRA further argues that the plaintiff must allege and prove that the parties to the agreement intended to create a direct obligation to the plaintiff. The plaintiff argues that he is named in the CT Page 7077 contract as a team member, which indicates BRA's intent that the plaintiff derive an economic gain from the contract.
"[A] third party seeking to enforce a contract must allege and prove that the contracting parties intended that the promisor should assume a direct obligation to the third party." Grigerikv. Sharpe, 247 Conn. 293, 315, 721 A.2d 526 (1998). The plaintiff alleges that the contract here identified him as one of the approved consultants on the project. (Count Three ¶ 16) The plaintiff also alleges that as an approved consultant identified in the contract, he is a third party beneficiary of the contract between the BHA and CCHI. (Count Three ¶ 17). "The only way a contract could create a direct obligation between a promissor and a third party beneficiary would have to be, under our risk, because the parties to the contract so intended." Grigerik v.Sharpe, supra. Here the plaintiff has failed to allege sufficient facts supporting that the parties intended that the plaintiff should be a third party beneficiary. Accordingly, BHA's motion to strike count three is granted.
 B. Count Four: Implied Duty of Good Faith and Fair Dealing
BHA argues that the plaintiff has failed to plead the existence of a contractual agreement between the BRA and the plaintiff. The plaintiff argues that the implied duty of good faith and fair dealing extends to third party beneficiaries.
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." Gupta v. New Britain General Hospital, 239 Conn. 574,598, 687 A.2d 111 (1996). The plaintiff alleges a claim for breach of contract against BRA only in the third count, wherein the plaintiff alleges that he is a third party beneficiary. Because the breach of contract allegations in count three are legally insufficient, the plaintiff may not assert a breach of the implied duty of good faith and fair dealing based upon count three. Therefore, BHA's motion to strike should be granted.
 C. Count Five: Willful, Wanton and Reckless Misconduct
BHA argues that there is no cause of action for a reckless breach of contract. The plaintiff contends that he has pleaded sufficient facts to allege reckless conduct by BRA. CT Page 7078
In Chestnut v. Kent, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 346653 (April 17, 1998,Skolnick, J.) (22 Conn. L. Rptr. 29), this court concluded that "there is no independent cause of action for tortious breach of contract. Instead, tortious elements should be asserted within a breach of contract claim, which would then open the door for a plaintiff to assert a claim for punitive damages in the prayer for relief." Id., 32. Accordingly, BRA's motion to strike count five is granted.
 D. Count Nine: Declaratory Judgment
BHA argues that the plaintiff seeks declaratory judgment as to the contract alleged to exist in count one. The allegations in count one, however, are not directed to BRA. The plaintiff indicates in his memorandum in opposition that the prayer for relief erroneously refers to "count one," when it should in fact refer to "count nine." The plaintiff has therefore agreed that the fifth sentence of the prayer for relief should be struck and repleaded. Therefore, the court will consider the declaratory judgment action alleged in count nine.
As discussed in the memorandum of decision as to Motion to Strike # 166, the plaintiff can seek adequate redress through a claim for breach of contract. Therefore, the count for declaratory judgment is inappropriate and the motion to strike count nine is granted.
 E. Count Ten: Injunction
"It is well established that `[a] party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law.'" (Internal quotation marks omitted.) Lawrence Brunoli. Inc. v. Branford,247 Conn. 407, 416, 722 A.2d 271 (1999). "These elements are so crucial that a party's failure to allege and prove them is sufficient ground for sustaining the refusal to grant an injunction Scintov. Sosin, 51 Conn. App. 222, 245, 721 A.2d 552 (1998), cert. denied, 247 Conn. 963, 724 A.2d 1125 (1999).
As discussed in the memorandum of decision as to Motion to Strike # 166, BHA's comity argument regarding a federal settlement cannot be decided on a speaking motion to strike. BRA's argument with regard to legal insufficiency, however, is valid. The plaintiff has failed to sufficiently allege CT Page 7079 irreparable harm. Therefore, the motion to strike count ten is granted.
Accordingly, BHA's motion to strike counts three, four, five, nine and ten of the revised complaint is granted in its entirety.
Skolnick, J.