[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 166)
The plaintiff, Nathaniel W. Plotkin, filed a ten-count revised complaint against the defendants, Dilip Barot (Barot), Creative Choice Homes, Inc. (CCHI), CCH Bridgeport, LLC (CCHB), Bridgeport Housing Authority (BHA), Capital Development Group, LLC (CDG), Laljeebhai R. Patel (Patel), Naek Construction Company (Naek), Diversified Technologies Corporation (Diversified), Mosley Sinclair, Bevco Associates, Inc. (BAI) and Lam Design, Inc. (LDI). The plaintiff alleges the following facts.
The plaintiff is a practicing attorney in Bridgeport, Connecticut. In the latter part of 1995, CDG and Patel began negotiations with CCHI and Barot with regard to CCHI's desire to CT Page 7058 obtain a contract with the BHA for the development of replacement public housing at the former site of Father Panik Village. In January of 1996, CDG and Patel reached agreement with CCHI and Barot, whereby they would form a joint venture to assemble a development team to submit a proposal to the BHA, in an attempt to obtain the contract for the Father Panik Village Replacement Housing Project (project). Thereafter, the plaintiff was approached by Patel about serving as legal counsel on the development team, and the plaintiff agreed to do so. CCHI, Barot, CDG and Patel requested that the plaintiff prepare a fee agreement for his services, and assist in the preparation of the proposal being submitted to the BHA. The proposal, submitted to the BHA on January 26, 1996, identified the plaintiff as local legal counsel. Subsequently, BHA selected the CCHI team as its preferred developer, and on August 13, 1996, BRA, CCHI and COKE executed a contract memorializing the designation of the CCHI as the preferred developer. The contract identifies the plaintiff as one of the approved consultants on the project.
The plaintiff alleges that CCHI, CCHB, Barot, Patel and CDG have failed and refused to respond to the proposed fee arrangements submitted by the plaintiff, have refused to pay the plaintiff for his services and have taken steps to exclude the plaintiff from the team and the benefits of the contract. In count one, the plaintiff alleges that these actions constitute a breach of contract. In count two, the plaintiff claims that CCHI, CCHB, Barot, Patel and CDG have been unjustly enriched by the reasonable value of the plaintiff's services. In count three, the plaintiff claims that he is an approved consultant identified in the contract between BHA and CCHI, and that he may sue for breach of contract as a third party beneficiary. The plaintiff further claims that BHA, CCHI and CCHB, by proceeding with the contract and excluding the plaintiff from his role as legal counsel, have breached the contract. In count four, the plaintiff alleges that the defendants have violated their duty of good faith and fair dealing. The plaintiff alleges in count five that all of the defendants acted willfully, wantonly and recklessly by prohibiting and excluding the plaintiff from participating in negotiations, entering into the contract and sharing in the obligations and benefits of the contract. In counts six and seven, the plaintiff claims that CCHI, CCHB, Barot, Patel and CDG knowingly or negligently made false representations to the plaintiff. In count eight, the plaintiff alleges that the actions of CCHI, CCHB, Barot, Patel and CDG violate the Connecticut Unfair Trade Practices Act (CUTPA). In counts nine and ten, the CT Page 7059 plaintiff seeks a declaratory judgment and an injunction, respectively, against all of the defendants.
CCHI and CCHB move to strike all ten of the counts in the plaintiff's revised complaint, setting forth specific grounds for the motion as to each count. (Motion to Strike # 166.) The plaintiff has filed a memorandum in opposition to the motion to strike, and the matter was heard by the court on April 12, 1999. The plaintiff filed a supplemental memorandum of law, to which the defendants replied.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted . . . [The court] must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270-71, 709 A.2d 558 (1998).
 Count One: Breach of Contract
CCHI and CCHB (hereafter "the defendants") argue that count one, alleging a breach of a contract to provide legal services, should be struck on the ground that the plaintiff has not alleged compliance with rule 1.5 of the Rules of Professional Conduct, and therefore his contract claim is unenforceable as a matter of public policy. The defendants also contend that the breach of contract claim is insufficient because the plaintiff failed to allege a meeting of the minds. The plaintiff argues that because he has alleged that the defendants failed to respond to proposed fee agreements, he has demonstrated his compliance with rule 1.5. The plaintiff also contends that he has alleged that the parties agreed he would perform services prior to the formalization of written fee arrangements.
 1. Compliance With Rule 1.5(b)
Rule 1.5(b) of the Rules of professional Conduct provides in pertinent part: "When the lawyer has not regularly represented the client, the basis or rate of the fee, whether and to what extent the client will be responsible for any court costs and expenses of litigation, and the scope of the matter to be CT Page 7060 undertaken shall be communicated to the client, in writing, before or within a reasonable time after commencing the representation."
The plaintiff alleges that he agreed that he would join the development team as legal counsel, and that the defendants requested the plaintiff to prepare a fee arrangement for his services, and to assist in the preparation of the proposal. (Count One ¶ 11) The plaintiff further alleges that he spent significant time and resources in providing legal and consulting services to the defendants, but that the defendants have refused to respond to the proposed fee agreements submitted by the plaintiff and have not paid the plaintiff for his services. (Count One ¶¶ 17, 18).
When viewing the allegations of count one in the light most favorable to the plaintiff, the allegations sufficiently demonstrate that the plaintiff sent to the defendants a fee arrangement within a reasonable time after he began rendering services to the defendants. Therefore, the motion to strike count one on the ground that the plaintiff failed to comply with rule 1.5 is denied.
 2. Meeting of the Minds
"[T]o form a contract, generally there must be a bargain in which there is a manifestation of mutual assent to the exchange between two or more parties. . . . The manifestation of assent may be made wholly or partly by written or spoken word or by other acts or by failure to act." (Citations omitted; internal quotation marks omitted.) Thames River Recycling, Inc. v. Gallo,50 Conn. App. 767, 798, 720 A.2d 242 (1998). "A contractual promise cannot be created by plucking phrases out of context; there must be a meeting of the minds between the parties. . . . The mere fact that the plaintiff believed the guidelines to constitute a contract does not bind tithe defendant] without some evidence that it intended to be bound to such a contract." (Citation omitted.)v. Chrysler First Commercial Corp. , 40 Conn. App. 725,730, 673 A.2d 573, cert. denied, 237 Conn. 913, 675 A.2d 885
(1996).
In addition to the allegations discussed above, the plaintiff also claims that the proposal lists the plaintiff as legal counsel and that the subsequent contract identifies the plaintiff as an approved consultant on the project. (Count One ¶¶ 12, 16). CT Page 7061 Therefore, the plaintiff has pleaded sufficient facts to demonstrate that the defendants have manifested their intent to contract with the plaintiff. Accordingly, the defendants' motion to strike count one on the ground there is no allegation of a meeting of the minds is denied.
 Count Two: Unjust Enrichment
The defendants argue that if a contract is unenforceable because it violates public policy, then a plaintiff is not entitled to equitable remedies. Specifically, the defendants contend that because the plaintiff violated public policy by failing to comply with rule 1.5, the plaintiff cannot recover equitable damages based on unjust enrichment. The court having found that the plaintiff has alleged sufficient compliance with rule 1.5, the defendants' motion to strike count two is denied.
 Count Three: Breach of Contract
The defendants contend that the plaintiff cannot show that he was an intended third party beneficiary under the agreement between BHA and the defendants, because the plaintiff has failed to allege what provision of the agreement was breached by the defendants. The defendants also argue that the plaintiff must allege and prove that the parties to the agreement intended to create a direct obligation to the plaintiff. The plaintiff argues that he is named in the contract as a team member, and that this allegation is not conclusory. The plaintiff also contends that the defendants seek to rely on facts outside of the pleadings to support their motion to strike.
"[A] third party seeking to enforce a contract must allege and prove that the contracting parties intended that the promisor should assume a direct obligation to the third party." Grigerikv. Sharpe, 247 Conn. 293, 315, 721 A.2d 526 (1998). The plaintiff has alleged that the contract here identified him as one of the approved consultants on the project. (Count Three ¶ 16). The plaintiff also alleges that as an approved consultant identified in the contract he is a third party beneficiary of the contract between the BHA and CCHI. (Count Three ¶ 17). "The only way a contract could create a direct obligation between a promissor and a third party beneficiary would have be under our rule because the parties to the contract so intended." Grigerik v. Sharpe, supra. Here, the plaintiff has failed to allege sufficient facts to indicate that the parties intended that the plaintiff should CT Page 7062 be a third party beneficiary. Accordingly, the defendants' motion to strike count three is granted.
 Count Four: Implied Duty of Good Faith and Fair Dealing
The defendants argue that no case supports the plaintiff's position that an implied duty of good faith and fair dealing applies to a third party beneficiary to a contract. The plaintiff argues that such a duty does apply to third party beneficiaries.
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." Gupta v. New Britain General Hospital, 239 Conn. 574,598, 687 A.2d 111 (1996). Because the third party beneficiary claim is legally insufficient, the plaintiff may not assert a breach of the implied duty of good faith and fair dealing based upon count three. The plaintiff, however, also incorporates the breach of contract allegations in count one into count four. To the extent the plaintiff's breach of contract claim in count one is legally sufficient, the plaintiff may maintain a claim for breach of the Implied duty of good faith and fair dealing against the defendants. Therefore, the defendants' motion to strike the motion to strike count four is denied.
 Count Five: Willful, Wanton and Reckless Misconduct
The defendants argue that there is no cause of action for a reckless breach of contract. This court has held that "there is no independent cause of action for tortious breach of contract. Instead, tortious elements should be asserted within a breach of contract claim, which would then open the door for a plaintiff to assert a claim for punitive damages in the prayer for relief."Chestnut v. Kent, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 346653 (April 17, 1998, Skolnick, J.) (22 Conn. L. Rptr. 29, 32). Accordingly, the court grants the defendants' motion to strike count five.
 Count Six: Fraudulent Misrepresentation
The defendants argue that the plaintiff has failed to allege any specific representation which was false or reasonably could be determined to be false. The plaintiff contends that when viewing the allegations in the complaint in the light most favorable to the plaintiff, the allegations in count six are CT Page 7063 legally sufficient.
[T]he essential elements of an action in common law fraud . . . . are that: (1) a false representation was made as a statement of fact; (2) it was untrue and was known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." Parker v. Shaker RealEstate, Inc., 47 Conn. App. 489, 493, 705 A.2d 210 (1998). "The requirement that a representation be made as a statement of fact focuses on whether, under the circumstances surrounding the statement, the representation was intended as one of fact as distinguished from one of opinion." (Internal quotation marks omitted.) Meyers v. Cornwell Quality Tools, Inc.,41 Conn. App. 19, 28-29,674 A.2d 444 (1996). "[A] promise to do an act in the future when coupled with a present intent not to fulfill it, is a false representation." Mitchell v. Mitchell, 31 Conn. App. 331,336, 625 A.2d 828 (1993).
The plaintiff alleges the following: Patel approached the plaintiff about serving as legal counsel on the development team (Count Six ¶ 10); the plaintiff agreed to serve on the development team, and CCHI, Barot, CDG and Patel requested the plaintiff to prepare a fee agreement and to assist in the preparation of the proposal (Count One ¶ 11); and the proposal was accepted and a contract was executed which lists the plaintiff as an approved project consultant (Count One ¶¶ 12-16). The plaintiff further alleges that the defendants made false representations to the plaintiff. (Count Six ¶¶ 20)
The plaintiff never identifies, however, what the statements were or the reason they were false. A plaintiff cannot make general assertions of fraudulent misrepresentations, but must plead particular facts demonstrating what the representations were and how they were false. See Chestnut v. Kent, supra,22 Conn. L. Rptr. 31. Therefore, the defendants' motion to strike count six is granted.
 Count Seven: Negligent Misrepresentation
"The governing principles [of a claim of negligent misrepresentation] are set forth . . . in § 552 of the Restatement (Second) of Torts (1977) : `One who, in the course of his business, profession or employment . . . supplies false CT Page 7064 information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.'" Williams Ford. Inc. v. HartfordCourant Co., 232 Conn. 559, 575, 657 A.2d 212 (1995).
Essentially, the plaintiff alleges that the defendants asked him to serve as legal counsel and the plaintiff agreed, subsequently expending time and resources on the project. (Count Seven ¶¶ 10-11). The plaintiff fails to allege what statements were made by the defendants. Moreover, the plaintiff does not adequately allege that the defendants made any statements that they knew or should have known were false and would be relied upon by the plaintiff. Accordingly, count seven is legally insufficient and the defendants' motion to strike count seven is granted.
 Count Eight: CUTPA
The defendants argue that a simple breach of contract cannot form the basis of a CUTPA claim.[1] The defendants also contend that the plaintiff has failed to plead particular facts to allege a legally sufficient CUTPA claim. The plaintiff acknowledges that many decisions of the Superior Court have held that a breach of contract claim does not support a CUTPA claim, but relies upon those decisions which have held to the contrary. The plaintiff also contends that he has alleged sufficient aggravating circumstances to demonstrate that the alleged breach of contract was more than a "simple" breach of contract.
"A simple breach of contract, even if intentional, does not amount to a violation of the Act; a [claimant] must show substantial aggravating circumstances attending the breach to recover under the Act. . . ." (Internal quotation marks omitted.)Gianetti v. Greater Bridgeport Individual Practice Association, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 355718 (November 5, 1998, Skolnick, J.), quoting EmleeEquipment Leasing Corp. v. Waterbury Transmission, Inc.,41 Conn. Sup. 575, 580, 595 A.2d 951 (1991). The plaintiff re-alleges that breach of contract claim in count one and, in conclusory fashion, alleges that the defendants' actions violate CUTPA. The plaintiff does not allege any aggravating circumstances. The plaintiff does not set forth how or in what respect the defendants' conduct offends public policy, or is immoral, unethical, oppressive or CT Page 7065 unscrupulous. Gianetti v. Greater Bridgeport IndividualPractice Association, supra, Superior Court, Docket No. 355718. Accordingly, the defendants' motion to strike count eight is granted.
 Count Nine: Declaratory Judgment
The defendants argue that the plaintiff has failed to comply with the requirements of Practice Book § 17-55(3), which provides that the court will not render declaratory judgments where the court is of the opinion that the parties should be left to seek redress by some other form or procedure. The defendants contend that the plaintiff has a speedy remedy in the form of the breach of contract claims. The plaintiff argues that a declaratory judgment is appropriate here because the project is about to move forward without the plaintiff's participation.
"Section [17-55 (3)] of the Practice Book allows the trial court wide discretion to render a declaratory judgment unless another form of action clearly affords a speedy remedy as effective, convenient, appropriate and complete. . . . Therefore a successful motion to strike an action for a declaratory judgment upon the ground of available alternative means of redress . . . must show that the court could not in the exercise of sound discretion permit the action to proceed. . . ." (Citations omitted.) England v. Coventry, 183 Conn. 362, 365,439 A.2d 372 (1981).
The plaintiff seeks to have the court determine the rights and obligations of the parties to the contract alleged in count one. (Prayer For Relief ¶ 5). The plaintiff indicates in his memorandum that paragraph five of the prayer for relief erroneously refers to "count one," when it should in fact refer to "count nine." The plaintiff has therefore agreed that the fifth sentence of the prayer for relief should be struck and repleaded.
The contract referred to in count nine must nevertheless be interpreted as the claim against the defendants for failure to compensate for services because the claim as a third party beneficiary of the contract between the defendants and BHA is legally insufficient. As a result, the same relief sought in count nine may be had pursuant to the breach of contract claim in count one. Therefore, pursuant to Practice Book § 17-55(3), the plaintiff should be left to seek redress by way of the breach CT Page 7066 of contract cause of action. Accordingly, the court grants the defendants' motion to strike count nine.[2]
 Count Ten: Injunction
"It is well established that `"[a] party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law."'" Lawrence Brunoli. Inc.v. Branford, 247 Conn. 407, 416, 722 A.2d 271 (1999). "These elements are so crucial that a party's failure to allege and prove them is sufficient ground for sustaining the refusal to grant an injunction. . . ." Scinto v. Sosin, 51 Conn. App. 222,245, 721 A.2d 552 (1998), cert. denied, 247 Conn. 963,724 A.2d 1125 (1999).
 1. Comity
The defendants argue that the granting of injunctive relief interferes with a federal court-approved settlement agreement relating to the project, and that this court should defer to the terms of the settlement. The plaintiff argues that the comity principles advanced by the defendants are not applicable here, because the federal settlement does not apply to the subject matter of the present action.
The defendants' argument regarding issues of comity between this court and the federal court is not appropriately decided on a motion to strike, where the court is concerned with whether the plaintiff has pleaded a legally sufficient cause of action. Moreover, the revised complaint makes no mention of any prior litigation involving the subject project. Thus, the defendants' motion to strike count ten improperly relies upon facts which are outside the pleadings and is therefore a speaking motion to strike. Doe v. Marselle, 38 Conn. App. 360, 364, 660 A.2d 871
(1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835
(1996). Accordingly, the motion to strike on the ground of comity is denied.
 2. Personal Service Contract
The defendants argue that injunctive relief does not generally lie for the enforcement of personal service contracts, and therefore count ten should be struck.[3] The plaintiff argues that although the standard for obtaining injunctive relief is high, such an argument is not appropriately addressed in the CT Page 7067 context of a motion to strike.
The court finds that the cases cited by the defendants in support of the proposition that injunctive relief does not lie to enforce a personal service contract are distinguishable. In Burnsv. Gould, 172 Conn. 210, 374 A.2d 193 (1977), the plaintiff sought specific performance of an alleged oral agreement, rather than injunctive relief. In Lark v. Post-Newsweek Stations, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 705326 (November 28, 1994, Berger, J.) (13 Conn. L. Rptr. 41), the court examined whether injunctive relief was proper in the context of a motion for summary judgment, rather than a motion to strike. Thus, the defendants' reliance on these cases is misplaced.
As discussed above, the plaintiff has inadequately pleaded his third party beneficiary claim. As a result, the plaintiff's only non-conclusory allegations in support of an order enjoining further action on the project[4] are his claims that he has not been paid for services rendered. These allegations are insufficient to indicate irreparable harm should the project go forward. Therefore, the court grants the defendants' motion to strike count ten.
Accordingly, the defendants' motion to strike counts three, five, six, seven, eight, nine and ten of the revised complaint is granted; the defendants' motion to strike counts one, two, and four is denied.
Skolnick, J.